IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MANUFACTURING RESOURCES INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 17-269-RGA |
| CIVIQ SMARTSCAPES, LLC, CIVIQ HOLDINGS, LLC, COMARK, LLC, and COMARK HOLDINGS, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' ANSWER AND COUNTERCLAIMS**

Defendants Civiq Smartscapes, LLC; Civiq Holdings, LLC; Comark, LLC; and Comark Holdings, LLC (collectively "Defendants") herby respond to the Complaint of Manufacturing Resources International, Inc. ("MRI" or "Plaintiff") as follows. Defendants deny each and every allegation contained in MRI's Complaint that is not expressly admitted below. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications or speculations that arguably may follow from the admitted facts. Defendants deny that MRI is entitled to the relief requested in the Complaint or to any other relief.

**I. NATURE OF THE SUIT**

1. Paragraph 1 is a statement of legal conclusions and jurisdiction to which no response is required. To the extent that a response is required, Defendants deny that there is any factual or legal basis for MRI's claims of patent infringement and denies that MRI is entitled to any damages or equitable relief.

2.       Paragraph 2 is a statement of legal conclusions and jurisdiction to which no response is required.  To the extent that a response is required, Defendants deny that there is any factual or legal basis for MRI's claims of trademark infringement and denies that MRI is entitled to any damages or equitable relief.

3.       Paragraph 3 is a statement of legal conclusions and jurisdiction to which no response is required.  To the extent that a response is required, Defendants deny that there is any factual or legal basis for MRI's claims of deceptive trade practices, unfair competition, or injury to business reputation under Delaware common law and denies that MRI is entitled to any damages or equitable relief.

## II. THE PARTIES

4.       Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

5.       Civiq Smartscapes, LLC is a Delaware limited liability company with its principal place of business at 430 Fortune Boulevard, Milford, MA 01757.  Civiq Smartscapes, LLC's registered agent for service of process in Delaware is the Corporation Trust Company at Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.  Otherwise denied.

6.       Admitted.

7.       Admitted.

8.       Comark Holdings, LLC is a Delaware limited liability company with its principal place of business at 125 Summer St., Suite 1840, Boston, MA 02110.  Comark Holdings, LLC's registered agent for service of process in Delaware is the Corporation Trust Company at Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.  Otherwise denied.

### III.  JURISDICTION AND VENUE

9.      Paragraph 9 is a statement of legal conclusions and jurisdiction to which no response is required.  To the extent that a response is required, Defendants do not contest the subject matter jurisdiction of this Court solely for the limited purposes of this action.

10.      Paragraph 10 is a statement of legal conclusions and jurisdiction to which no response is required.  To the extent that a response is required, Defendants do not contest the subject matter jurisdiction of this Court solely for the limited purposes of this action.

11.      Paragraph 11 is a statement of jurisdiction to which no response is required.  To the extent that a response is required, Defendants do not contest personal jurisdiction in this judicial district solely for the limited purposes of this action.

12.      Paragraph 12 is a statement of jurisdiction to which no response is required.  To the extent that a response is required, Defendants do not contest personal jurisdiction in this judicial district solely for the limited purposes of this action.  Otherwise denied.

13.      Paragraph 13 is a statement of legal conclusions to which no response is required. To the extent that a response is required, Defendants state that Civiq Smartscapes, LLC; Civiq Holdings, LLC; Comark, LLC; and Comark Holdings, LLC are each limited liability companies organized under the laws of Delaware and having their principal places of business in Massachusetts.

14.      Paragraph 14 is a statement of venue to which no response is required.  To the extent that a response is required, Defendants do not contest the propriety of this Court as venue for the claims alleged in MRI's Complaint.

## IV.  BACKGROUND FACTS

15.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

16.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

17.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

18.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

19.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

20.    Admitted that posters, signs, and other static displays can be used for presenting information and/or as marketing tools and that, on information and belief, some companies have used posters, signs, and other static displays for such purpose.  Otherwise denied.

21.    Defendants lack knowledge or information sufficient to form a belief as to MRI's intended meaning of the term "digital displays" and, as such, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

22.    Defendants lack knowledge or information sufficient to form a belief as to MRI's intended meaning of the term "digital displays" and, as such, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.  Defendants also deny the allegations of this paragraph to the extent that they constitute a statement of opinion and not objective facts.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

29.     Defendants admit that they have never purchased or licensed intellectual property from MRI.  Defendants deny the remaining allegations of Paragraph 29.

30.     Admitted that as of the date of this filing, August 7, 2017, the URL http://mri-inc.net/patents/ corresponds to a web page depicting a chart with columns labeled "App. No.," "Title," "App Date," "Grant Date," "Patent No.," and "Country."  Otherwise Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

32.     Admitted that Civiq Smartscapes, LLC designs and manufactures indoor and outdoor digital displays.  Otherwise denied.

5

33.    Defendants state that Civiq Holdings, LLC is the sole member of Civiq Smartscapes, LLC.  Otherwise denied.

34.    Admitted that, on or around, May 24, 2016, Civiq Smartscapes, LLC, and another entity, acquired certain assets from Vertigo Digital Displays of Toronto, Canada.  Otherwise, denied.

35.    Admitted that Civiq Smartscapes, LLC operates and advertises its products on the website http://civiqsmartscapes.com/.  Otherwise denied.

36.    Admitted that Civiq Smartscapes, LLC is in the business of designing and manufacturing smart communications infrastructure, applications and networks.  Admitted that Civiq Smartscapes, LLC designs and manufactures indoor and outdoor digital displays.  Otherwise denied.

37.    Admitted that Civiq Smartscapes, LLC is involved with the design, manufacturing, sale, and/or offer for sale of a "Link" product.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the characterizations and allegations of this paragraph regarding Exhibit C to MRI's complaint, and on that basis deny them.  Otherwise denied.

38.    Denied.

39.    Admitted that Civiq Smartscapes, LLC designs and manufactures indoor and outdoor digital displays.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding "the former Vertigo Digital Displays" and on that basis deny them.  Otherwise denied.

40.    Admitted that Civiq Smartscapes, LLC is the current owner of the domain http://www.vertigodisplays.com/.  Otherwise denied.

6

41. Admitted that Civiq Smartscapes, LLC is involved in the design, manufacturing, and/ or sales of Totem, Ferro, and/ or Pronto lines of products. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding "the former Vertigo Digital Displays" and on that basis deny them.

42. To the extent the allegations of this paragraph purport to characterize the contents of a written document, said document speaks for itself. Admitted that Exhibit FF to MRI's Complaint purports to be product information regarding "Flexvue Ferro 55 Series" displays, "Flexvue Ferro 70/80 Series" displays, "Pronto G5 Air Curtain Series" displays, "Pronto G5 Optically Bonded Series" displays, "Flexvue Totem 72 Series" displays, and "Flexvue Totem 75 Series" displays. Admitted that Exhibit D to MRI's Complaint purports to be a copy of U.S. Patent No. 8,472,174 ("the '174 patent"). Otherwise denied.

43. Denied.

44. Admitted that Comark, LLC is the owner of the website http://comarkcorp.com and that Comark, LLC products are offered for sale on the website.

45. Denied.

46. Paragraph 46 is a statement of legal conclusions to which no response is required. To the extent that a response is required, Civiq Smartscapes, LLC states that certain aspects of the Link product are described in U.S. Patent No. 9,451,060. At the same token, U.S. Patent No. 9,451,060 describes various features that are no embodied by the Link product. Defendants admit that Exhibit E to MRI's Complaint purports to be a copy of U.S. Patent No. 9,451,060 ("the '060 patent"). Otherwise denied.

47. Denied.

48. Admitted that Exhibit F to MRI's Complaint purports to be a letter from James Kwak of Standley Law Group LLP to Julian Binavince of Levy Zavet PC and "Vertigo Group USA LLC." To the extent the allegations of this paragraph purport to characterize the contents of a written document, said document speaks for itself. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

49. To the extent the allegations of this paragraph purport to characterize the contents of written documents, said documents speak for themselves. Otherwise denied.

50. Admitted that Exhibit G to MRI's Complaint purports to be a letter from James Kwak of Standley Law Group LLP to "Civiq Smartscapes." To the extent the allegations of this paragraph purport to characterize the contents of written documents, said documents speak for themselves. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

51. To the extent the allegations of this paragraph purport to characterize the contents of written documents, said documents speak for themselves. Otherwise denied.

52. Admitted that Exhibit H to MRI's Complaint purports to be a letter from Douglas Kline of Goodwin Procter LLP to James Kwak of Standley Law Group LLP. To the extent the allegations of this paragraph purport to characterize the contents of a written document, said document speaks for itself. Otherwise denied.

53. Admitted that Exhibit I to MRI's Complaint purports to be a letter from James Kwak of Standley Law Group LLP to Douglas Kline of Goodwin Procter LLP. To the extent the allegations of this paragraph purport to characterize the contents of a written document, said document speaks for itself. Otherwise denied.

8

54.    Admitted that Exhibit J to MRI's Complaint purports to be a letter from Douglas Kline of Goodwin Procter LLP to James Kwak of Standley Law Group LLP.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, said document speaks for itself.  Otherwise denied.

55.    To the extent the allegations of this paragraph purport to characterize the contents of a written document, said document speaks for itself.  Otherwise denied.

56.    To the extent the allegations of this paragraph purport to characterize the contents of a written document, said document speaks for itself.  Otherwise denied.

57.    Admitted that Exhibit K to MRI's Complaint purports to be a letter from James Kwak of Standley Law Group LLP to "Comark."  To the extent the allegations of this paragraph purport to characterize the contents of a written document, said document speaks for itself. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

63.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

64.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

65. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

66. Defendants admit that Exhibit L to MRI's Complaint purports to be a trademark registration. Defendants further admit that the face of Exhibit L states "BOLDVU," "Reg. No. 3,829,138," and "Registered Aug. 3, 2010." Otherwise Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

67. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

68. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

69. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

70. Defendants admit that Exhibit M to MRI's Complaint purports to be a trademark registration. Defendants further admit that the face of Exhibit M states "SUREVU," "Reg. No. 3,904,224," and "Registered Jan. 11, 2011." Otherwise Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

71. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

10

73. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

74. Defendants admit that Exhibit N to MRI's Complaint purports to be a trademark registration. Defendants further admit that the face of Exhibit N states "AMPVU," "Reg. No. 3,829,405," and "Registered Aug. 3, 2010." Otherwise Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

75. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

76. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

77. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

78. Defendants admit that Exhibit O to MRI's Complaint purports to be a trademark registration. Defendants further admit that the face of Exhibit O states "BRIGHTVU," "Reg. No. 3,829,404," and "Registered Aug. 3, 2010." Otherwise Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

79. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

80. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

11

81.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

82.     Defendants admit that Exhibit P to MRI's Complaint purports to be a trademark registration.  Defendants further admit that the face of Exhibit P states "BASICSVU," "Reg. No. 4,214,099," and "Registered Sep. 25, 2012."  Otherwise Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

83.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

84.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

85.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

86.     Defendants admit that Exhibit Q to MRI's Complaint purports to be a trademark registration.  Defendants further admit that the face of Exhibit Q states "STATUSVU," "Reg. No. 3,862,090," and "Registered Oct. 12, 2010."  Otherwise Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

87.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

88.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

89.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

90.    Defendants admit that Exhibit R to MRI's Complaint purports to be a trademark registration.  Defendants further admit that the face of Exhibit R states "ECOVU," "Reg. No. 4,411,350," and "Registered Oct. 1, 2013."  Otherwise Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

91.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

92.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

93.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

94.    Defendants admit that Exhibit S to MRI's Complaint purports to be a trademark registration.  Defendants further admit that the face of Exhibit S states "DYNAMICVU," "Reg. No. 3,941,960," and "Registered Apr. 5, 2011."  Otherwise Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

95.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

96.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

13

97.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

98.     Defendants admit that Exhibit T to MRI's Complaint purports to be a trademark registration.  Defendants further admit that the face of Exhibit T states "THRUVU," "Reg. No. 4,614,143," and "Registered Sep. 30, 2014."  Otherwise Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

99.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

100.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

101.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

102.    Defendants admit that Exhibit U to MRI's Complaint purports to be a trademark registration.  Defendants further admit that the face of Exhibit U states "WINDOWVU," "Reg. No. 5,105,471," and "Registered Dec. 20, 2016."  Otherwise Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

103.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

104.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

105.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

106.    Defendants admit that Exhibit V to MRI's Complaint purports to be a trademark registration.  Defendants further admit that the face of Exhibit V states "BEACONVU," "Reg. No. 5,147,439," and "Registered Feb. 21, 2017."  Otherwise Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

107.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

108.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

109.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

110.    Defendants admit that Exhibit W to MRI's Complaint purports to be a trademark registration.  Defendants further admit that the face of Exhibit W states "ToughVu," "Reg. No. 5,147,599," and "Registered Feb. 21, 2017."  Otherwise Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

111.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

112.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

113.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

114.    Defendants admit that Exhibit X to MRI's Complaint purports to be a trademark registration.  Defendants further admit that the face of Exhibit X states "RemoteVu," "Reg. No. 5,142,749," and "Registered Feb. 14, 2017."  Otherwise Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

115.    Defendants admit that Exhibit Y to MRI's Complaint purports to be documentation related to trademark applications.  Otherwise Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

116.    Defendants admit that Exhibit Z to MRI's Complaint purports to be several "notice of allowance" emails from the United States Patent and Trademark Office.  Otherwise Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

117.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

118.    Admitted that Exhibit AA to MRI's Complaint purports to be a letter from Beverly Marsh of Standley Law Group LLP to Bruno Pupo of Vertigo Digital Displays Inc.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, said document speaks for itself.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them. Otherwise denied.

16

119.    Denied.

120.    Admitted that Exhibit BB to MRI's Complaint purports to be a letter from Julian Binavince of Levy Zavet PC to Beverly Marsh of Standley Law Group LLP.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, said document speaks for itself.  Otherwise Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

121.    Admitted that Exhibit CC to MRI's Complaint purports to be a letter from Beverly Marsh of Standley Law Group LLP to Julian Binavince of Levy Zavet PC.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, said document speaks for itself.  Otherwise Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

122.    Admitted that Exhibit DD to MRI's Complaint purports to be an email from Julian Binavince of Levy Zavet PC to "Beverly Marsh."  To the extent the allegations of this paragraph purport to characterize the contents of a written document, said document speaks for itself.  Otherwise Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

123.    Admitted that Exhibit EE to MRI's Complaint purports to be a letter from Beverly Marsh of Standley Law Group LLP to Julian Binavince of Levy Zavet PC.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, said document speaks for itself.  Otherwise Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

17

124.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Admitted that Exhibit FF to MRI's Complaint purports to be product information regarding "Flexvue Ferro 55 Series" displays, "Flexvue Ferro 70/80 Series" displays, "Pronto G5 Air Curtain Series" displays, "Pronto G5 Optically Bonded Series" displays, "Flexvue Totem 72 Series" displays, and "Flexvue Totem 75 Series" displays.  Otherwise denied.

134.    Admitted that Exhibit D to MRI's Complaint purports to be a copy of U.S. Patent No. 8,472,174 ("the '174 patent").  Defendants lack knowledge or information sufficient to form a belief as to the meaning of the phrase "Defendants ascribe [the '174 patent] to the DACS technology" and, as such, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.  To the extent that paragraph 134 is a statement of legal conclusions, no response is required.

135.    To the extent the allegations of this paragraph purport to characterize the contents of a written document, said document speaks for itself.  Otherwise denied.

18

136.    To the extent the allegations of this paragraph purport to characterize the contents of a written document, said document speaks for itself.  Otherwise denied.

137.    To the extent the allegations of this paragraph purport to characterize the contents of a written document, said document speaks for itself.  Otherwise denied.

138.    Paragraph 138 is a statement of legal conclusions to which no answer is required. To the extent the allegations of this paragraph purport to characterize the contents of a written document, said document speaks for itself.  Otherwise denied.

139.    Admitted that MRI competes with Civiq Smartscapes, LLC in the Digital Out of Home sector.  Otherwise denied.

140.    Denied.

141.    Denied.

142.    Denied.

## V.  STATEMENT OF CLAIM

143.    Defendants reallege and incorporate by reference paragraphs 1-142 above.

144.    Admitted that MRI's Complaint includes an Exhibit A purporting to be copies of various patents.  Otherwise paragraph 144 states legal conclusions to which no answer is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

145.    Paragraph 145 states legal conclusions to which no answer is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

146. Paragraph 146 states legal conclusions to which no answer is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

147. Paragraph 147 states legal conclusions to which no answer is required. To the extent that a response is required, Defendants state that, to the extent the allegations of this paragraph purport to characterize the contents of written documents, said documents speak for themselves. Otherwise denied.

148. Paragraph 148 states legal conclusions to which no answer is required. To the extent that a response is required, Defendants deny that there is any legal or factual basis to support MRI's claims of patent or trademark infringement. Otherwise denied.

**COUNT 1**
**Response to Claim of Direct Infringement of the Patents-in-Suit**

149. Defendants reallege and incorporate by reference paragraphs 1-148 above.

150. Denied.

151. Denied.

152. Defendants admit that MRI has attached a document purporting to be "an exemplary claim chart" as Exhibit B to its Complaint. Otherwise denied.

153. Denied.

154. Denied.

155. Denied.

**COUNT II**
**Response to Claim of Infringement of U.S. Patent No. 8,854,595**

156. Defendants reallege and incorporate by reference paragraphs 1-155 above.

157. Denied.

20

158.   Denied.

159.   Denied.

160.   Denied.

161.   Denied.

## COUNT III
### Response to Claim of Infringement of U.S. Patent No. 9,173,322

162.   Defendants reallege and incorporate by reference paragraphs 1-161 above.

163.   Denied.

164.   Denied.

165.   Denied.

166.   Denied.

167.   Denied.

## COUNT IV
### Response to Claim of Infringement of U.S. Patent No. 8,767,165

168.   Defendants reallege and incorporate by reference paragraphs 1-167 above.

169.   Denied.

170.   Denied.

171.   Denied.

172.   Denied.

173.   Denied.

## COUNT V
### Response to Claim of Infringement of U.S. Patent No. 8,274,622

174.   Defendants reallege and incorporate by reference paragraphs 1-173 above.

175.   Denied.

176.   Denied.

21

177.    Denied.

178.    Denied.

179.    Denied.

## COUNT VI
### Response to Claim of Infringement of U.S. Patent No. 8,482,695

180.    Defendants reallege and incorporate by reference paragraphs 1-179 above.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Denied.

185.    Denied.

## COUNT VII
### Response to Claim of Infringement of U.S. Patent No. 8,854,572

186.    Defendants reallege and incorporate by reference paragraphs 1-185 above.

187.    Denied.

188.    Denied.

189.    Denied.

190.    Denied.

191.    Denied.

## COUNT VIII
### Response to Claim of Infringement of U.S. Patent No. 9,089,079

192.    Defendants reallege and incorporate by reference paragraphs 1-191 above.

193.    Denied.

194.    Denied.

195.    Denied.

196.   Denied.

197.   Denied.

## COUNT IX
## Response to Claim of Infringement of U.S. Patent No. 8,373,841

198.   Defendants reallege and incorporate by reference paragraphs 1-197 above.

199.   Denied.

200.   Denied.

201.   Denied.

202.   Denied.

203.   Denied.

## COUNT X
## Response to Claim of Infringement of U.S. Patent No. 8,351,014

204.   Defendants reallege and incorporate by reference paragraphs 1-203 above.

205.   Denied.

206.   Denied.

207.   Denied.

208.   Denied.

209.   Denied.

## COUNT XI
## Response to Claim of Infringement of U.S. Patent No. 9,030,129

210.   Defendants reallege and incorporate by reference paragraphs 1-209 above.

211.   Denied.

212.   Denied.

213.   Denied.

214.   Denied.

215. Denied.

## COUNT XII
### Response to Claim of Infringement of U.S. Patent No. 9,167,655

216. Defendants reallege and incorporate by reference paragraphs 1-215 above.

217. Denied.

218. Denied.

219. Denied.

220. Denied.

221. Denied.

## COUNT XIII
### Response to Claim of Infringement of U.S. Patent No. 8,125,163

222. Defendants reallege and incorporate by reference paragraphs 1-221 above.

223. Denied.

224. Denied.

225. Denied.

226. Denied.

227. Denied.

## COUNT XIV
### Response to Claim of Infringement of U.S. Patent No. 8,829,815

228. Defendants reallege and incorporate by reference paragraphs 1-227 above.

229. Denied.

230. Denied.

231. Denied.

232. Denied.

233. Denied.

## COUNT XV
### Response to Claim of Infringement of U.S. Patent No. 9,313,917

234.    Defendants reallege and incorporate by reference paragraphs 1-233 above.

235.    Denied.

236.    Denied.

237.    Denied.

238.    Denied.

239.    Denied.

## COUNT XVI
### Response to Claim of Infringement of U.S. Patent No. 8,497,972

240.    Defendants reallege and incorporate by reference paragraphs 1-239 above.

241.    Denied.

242.    Denied.

243.    Denied.

244.    Denied.

245.    Denied.

## COUNT XVII
### Response to Claim of Infringement of U.S. Patent No. 8,016,452

246.    Defendants reallege and incorporate by reference paragraphs 1-245 above.

247.    Denied.

248.    Denied.

249.    Denied.

250.    Denied.

251.    Denied.

## COUNT XVIII
### Response to Claim of Infringement of U.S. Patent No. 9,448,569

252.    Defendants reallege and incorporate by reference paragraphs 1-251 above.

253.    Denied.

254.    Denied.

255.    Denied.

256.    Denied.

257.    Denied.

## COUNT XIX
### Response to Claim of Indirect Infringement of the Patents-In-Suit

258.    Defendants reallege and incorporate by reference paragraphs 1-257 above.

259.    Denied.

260.    Admitted that as of the date of this filing, August 7, 2017, Defendants have actual knowledge of the existence of U.S. Patent Nos. 8,854,595 ("the '595 patent"); 9,173,322 ("the '322 patent"); 8,767,165 ("the '165 patent"); 8,274,622 ("the '622 patent"); 8,482,695 ("the '659 patent"); 8,854,572 ("the '572 patent"); 9,089,079 ("the '079 patent"); 8,373,841 ("the '841 patent"); 8,351,014 ("the '014 patent"); 9,030,129 ("the '129 patent"); 9,167,655 ("the '655 patent"); 8,125,163 ("the '163 patent"); 8,829,815 ("the'815 patent"); 9,313,917 ("the '917 patent"); 8,497,972; 8,016,452 ("the '452 patent"); and 9,448,569 ("the '569 patent").  Otherwise denied.

261.    Denied.

262.    Denied.

263.    Defendants admit that, in some instances, some Civiq Smartscapes, LLC customers are provided with instruction manuals.  Otherwise denied.

26

264.    Denied.

265.    Denied.

266.    Denied.

267.    Denied.

268.    Denied.

269.    Denied.

270.    Denied.

271.    Denied.

272.    Denied.

273.    Denied.

274.    Denied.

275.    Denied.

276.    Denied.

## COUNT XX
### Response to Claim of Trademark Infringement

277.    Defendants reallege and incorporate by reference paragraphs 1-276 above.

278.    Denied.

279.    Denied.

280.    Denied.

## COUNT XXI
### Response to Claim of False Designation of Origin Under the Lanham Act

281.    Defendants reallege and incorporate by reference paragraphs 1-280 above.

282.    Paragraph 282 is a statement of legal conclusions and jurisdiction to which no response is required.  To the extent that a response is required, Defendants admit that 15 U.S.C. §

27

1125(a) corresponds to § 43(a) of the Lanham Act.  Otherwise Defendants deny that there is any factual or legal basis for MRI's claims under the Lanham Act and denies that MRI is entitled to any damages or equitable relief.

283.    Denied.

284.    Denied.

285.    Admitted that MRI competes with Civiq Smartscapes, LLC in the Digital Out of Home sector.  Otherwise denied.

286.    Denied.

287.    Denied.

288.    Denied.

## COUNT XXII
### Response to Claim of Trademark Infringement at Delaware Common Law

289.    Defendants reallege and incorporate by reference paragraphs 1-288 above.

290.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

291.    Paragraph 291 states legal conclusions to which no answer is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

292.    Denied.

293.    Denied.

294.    Admitted that MRI competes with Civiq Smartscapes, LLC in the Digital Out of Home sector.  Otherwise denied.

295.    Denied.

296.    Denied.

297.   Denied.

## COUNT XXIII
### Response to Claim of Deceptive Trade Practices Under Delaware Statutory Law

298.   Defendants reallege and incorporate by reference paragraphs 1-297 above.

299.   Denied.

300.   Admitted that Civiq Smartscapes, LLC's Totem and Pronto product lines incorporate elements of a proprietary Direct Air Cooling System (DACS).  Otherwise denied.

301.   Denied.

302.   Denied.

303.   Denied.

304.   Paragraph 304 states legal conclusions to which no answer is required.  To the extent the allegations of this paragraph purport to characterize the contents of a written document, said document speaks for itself.  Otherwise denied.

305.   Denied.

306.   Denied.

## COUNT XXIV
### Response to Claim of Deceptive Trade Practices, Unfair Competition, and Injury to Business Reputation, Under the Common Law of the State of Delaware

307.   Defendants reallege and incorporate by reference paragraphs 1-306 above.

308.   Denied.

309.   Denied.

## COUNT XXV
### Response to Claim of Injunctive Relief for Trademark and/or Unfair Competition Claims (Counts XX-XXIV)

310.   Defendants reallege and incorporate by reference paragraphs 1-309 above.

311.   Denied.

312.    Denied.

313.    Denied.

314.    Denied.

## COUNT XXVI
### Response to Claim of Injunctive Relief for Patent Claims (Counts I-XIX)

315.    Defendants reallege and incorporate by reference paragraphs 1-314 above.

316.    Denied.

317.    Denied.

318.    Denied.

319.    Denied.

## RESPONSE TO JURY DEMAND

320.    Defendants admits that, in its Complaint, MRI requested "a jury trial of all issues triable of right by a jury."

## RESPONSE TO MRI'S PRAYER FOR RELIEF

Defendants deny that MRI is entitled to any relief it seeks in its Complaint or any other relief.

## AFFIRMATIVE DEFENSES

### First Defense
### (Non-Infringement of the '595 patent)

The manufacture, use, sale, offer for sale, or importation into the United States of the allegedly infringing products have not infringed, do not infringe, and will not infringe any valid and enforceable claim of the '595 patent directly, indirectly, by inducement, by contribution, literally, under the doctrine of equivalents, or in any other manner.

### Second Defense
### (Invalidity of the '595 patent)

Each and every claim of the '595 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and/or is invalid under the doctrine of obviousness-type double patenting.

### Third Defense
### (Application of Prosecution History Estoppel to the '595 Patent)

Each and every claim of the '595 patent is barred from being asserted against Defendants under the doctrine of prosecution history estoppel.

### Fourth Defense
### (Unenforceability of the '595 Patent)

Each and every claim of the '595 patent is also invalid and/or unenforceable for reasons of inequitable conduct and/or unclean hands.

### Fifth Defense
### (Non-Infringement of the '322 patent)

The manufacture, use, sale, offer for sale, or importation into the United States of the allegedly infringing products have not infringed, do not infringe, and will not infringe any valid and enforceable claim of the '322 patent directly, indirectly, by inducement, by contribution, literally, under the doctrine of equivalents, or in any other manner.

31

**Sixth Defense**
**(Invalidity of the '322 patent)**

Each and every claim of the '322 patent is invalid for failure to satisfy one or more

provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101,

102, 103, and 112, and/or is invalid under the doctrine of obviousness-type double patenting.

**Seventh Defense**
**(Application of Prosecution History Estoppel to the '322 Patent)**

Each and every claim of the '322 patent is barred from being asserted against Defendants

under the doctrine of prosecution history estoppel.

**Eighth Defense**
**(Unenforceability of the '322 Patent)**

Each and every claim of the '322 patent is also invalid and/or unenforceable for reasons

of inequitable conduct and/or unclean hands.

**Ninth Defense**
**(Non-Infringement of the '165 patent)**

The manufacture, use, sale, offer for sale, or importation into the United States of the

allegedly infringing products have not infringed, do not infringe, and will not infringe any valid

and enforceable claim of the '165 patent directly, indirectly, by inducement, by contribution,

literally, under the doctrine of equivalents, or in any other manner.

**Tenth Defense**
**(Invalidity of the '165 patent)**

Each and every claim of the '165 patent is invalid for failure to satisfy one or more

provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101,

102, 103, and 112, and/or is invalid under the doctrine of obviousness-type double patenting.

32

**Eleventh Defense**
**(Application of Prosecution History Estoppel to the '165 Patent)**

Each and every claim of the '165 patent is barred from being asserted against Defendants under the doctrine of prosecution history estoppel.

**Twelfth Defense**
**(Unenforceability of the '165 Patent)**

Each and every claim of the '165 patent is also invalid and/or unenforceable for reasons of inequitable conduct and/or unclean hands.

**Thirteenth Defense**
**(Non-Infringement of the '622 patent)**

The manufacture, use, sale, offer for sale, or importation into the United States of the allegedly infringing products have not infringed, do not infringe, and will not infringe any valid and enforceable claim of the '622 patent directly, indirectly, by inducement, by contribution, literally, under the doctrine of equivalents, or in any other manner.

**Fourteenth Defense**
**(Invalidity of the '622 patent)**

Each and every claim of the '622 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and/or is invalid under the doctrine of obviousness-type double patenting.

**Fifteenth Defense**
**(Application of Prosecution History Estoppel to the '622 Patent)**

Each and every claim of the '622 patent is barred from being asserted against Defendants under the doctrine of prosecution history estoppel.

33

**Sixteenth Defense**
**(Unenforceability of the '622 Patent)**

Each and every claim of the '622 patent is also invalid and/or unenforceable for reasons

of inequitable conduct and/or unclean hands.

**Seventeenth Defense**
**(Non-Infringement of the '695 patent)**

The manufacture, use, sale, offer for sale, or importation into the United States of the

allegedly infringing products have not infringed, do not infringe, and will not infringe any valid

and enforceable claim of the '695 patent directly, indirectly, by inducement, by contribution,

literally, under the doctrine of equivalents, or in any other manner.

**Eighteenth Defense**
**(Invalidity of the '695 patent)**

Each and every claim of the '695 patent is invalid for failure to satisfy one or more

provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101,

102, 103, and 112, and/or is invalid under the doctrine of obviousness-type double patenting.

**Nineteenth Defense**
**(Application of Prosecution History Estoppel to the '695 Patent)**

Each and every claim of the '695 patent is barred from being asserted against Defendants

under the doctrine of prosecution history estoppel.

**Twentieth Defense**
**(Unenforceability of the '695 Patent)**

Each and every claim of the '695 patent is also invalid and/or unenforceable for reasons

of inequitable conduct and/or unclean hands.

34

**Twenty-First Defense**
**(Non-Infringement of the '572 patent)**

The manufacture, use, sale, offer for sale, or importation into the United States of the allegedly infringing products have not infringed, do not infringe, and will not infringe any valid and enforceable claim of the '572 patent directly, indirectly, by inducement, by contribution, literally, under the doctrine of equivalents, or in any other manner.

**Twenty-Second Defense**
**(Invalidity of the '572 patent)**

Each and every claim of the '572 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and/or is invalid under the doctrine of obviousness-type double patenting.

**Twenty-Third Defense**
**(Application of Prosecution History Estoppel to the '572 Patent)**

Each and every claim of the '572 patent is barred from being asserted against Defendants under the doctrine of prosecution history estoppel.

**Twenty-Fourth Defense**
**(Unenforceability of the '572 Patent)**

Each and every claim of the '572 patent is also invalid and/or unenforceable for reasons of inequitable conduct and/or unclean hands.

**Twenty-Fifth Defense**
**(Non-Infringement of the '079 patent)**

The manufacture, use, sale, offer for sale, or importation into the United States of the allegedly infringing products have not infringed, do not infringe, and will not infringe any valid and enforceable claim of the '079 patent directly, indirectly, by inducement, by contribution, literally, under the doctrine of equivalents, or in any other manner.

**Twenty-Sixth Defense**
**(Invalidity of the '079 patent)**

Each and every claim of the '079 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and/or is invalid under the doctrine of obviousness-type double patenting.

**Twenty-Seventh Defense**
**(Application of Prosecution History Estoppel to the '079 Patent)**

Each and every claim of the '079 patent is barred from being asserted against Defendants under the doctrine of prosecution history estoppel.

**Twenty-Eighth Defense**
**(Unenforceability of the '079 Patent)**

Each and every claim of the '079 patent is also invalid and/or unenforceable for reasons of inequitable conduct and/or unclean hands.

**Twenty-Ninth Defense**
**(Non-Infringement of the '841 patent)**

The manufacture, use, sale, offer for sale, or importation into the United States of the allegedly infringing products have not infringed, do not infringe, and will not infringe any valid and enforceable claim of the '841 patent directly, indirectly, by inducement, by contribution, literally, under the doctrine of equivalents, or in any other manner.

**Thirtieth Defense**
**(Invalidity of the '841 patent)**

Each and every claim of the '841 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and/or is invalid under the doctrine of obviousness-type double patenting.

**Thirty-First Defense**
**(Application of Prosecution History Estoppel to the '841 Patent)**

Each and every claim of the '841 patent is barred from being asserted against Defendants under the doctrine of prosecution history estoppel.

**Thirty-Second Defense**
**(Unenforceability of the '841 Patent)**

Each and every claim of the '841 patent is also invalid and/or unenforceable for reasons of inequitable conduct and/or unclean hands.

**Thirty-Third Defense**
**(Non-Infringement of the '014 patent)**

The manufacture, use, sale, offer for sale, or importation into the United States of the allegedly infringing products have not infringed, do not infringe, and will not infringe any valid and enforceable claim of the '014 patent directly, indirectly, by inducement, by contribution, literally, under the doctrine of equivalents, or in any other manner.

**Thirty-Fourth Defense**
**(Invalidity of the '014 patent)**

Each and every claim of the '014 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and/or is invalid under the doctrine of obviousness-type double patenting.

**Thirty-Fifth Defense**
**(Application of Prosecution History Estoppel to the '014 Patent)**

Each and every claim of the '014 patent is barred from being asserted against Defendants under the doctrine of prosecution history estoppel.

37

**Thirty-Sixth Defense**
**(Unenforceability of the '014 Patent)**

Each and every claim of the '014 patent is also invalid and/or unenforceable for reasons of inequitable conduct and/or unclean hands.

**Thirty-Seventh Defense**
**(Non-Infringement of the '129 patent)**

The manufacture, use, sale, offer for sale, or importation into the United States of the allegedly infringing products have not infringed, do not infringe, and will not infringe any valid and enforceable claim of the '129 patent directly, indirectly, by inducement, by contribution, literally, under the doctrine of equivalents, or in any other manner.

**Thirty-Eighth Defense**
**(Invalidity of the '129 patent)**

Each and every claim of the '129 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and/or is invalid under the doctrine of obviousness-type double patenting.

**Thirty-Ninth Defense**
**(Application of Prosecution History Estoppel to the '129 Patent)**

Each and every claim of the '129 patent is barred from being asserted against Defendants under the doctrine of prosecution history estoppel.

**Fortieth Defense**
**(Unenforceability of the '129 Patent)**

Each and every claim of the '129 patent is also invalid and/or unenforceable for reasons of inequitable conduct and/or unclean hands.

**Forty-First Defense**
**(Non-Infringement of the '655 patent)**

The manufacture, use, sale, offer for sale, or importation into the United States of the

allegedly infringing products have not infringed, do not infringe, and will not infringe any valid

and enforceable claim of the '655 patent directly, indirectly, by inducement, by contribution,

literally, under the doctrine of equivalents, or in any other manner.

**Forty-Second Defense**
**(Invalidity of the '655 patent)**

Each and every claim of the '655 patent is invalid for failure to satisfy one or more

provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101,

102, 103, and 112, and/or is invalid under the doctrine of obviousness-type double patenting.

**Forty-Third Defense**
**(Application of Prosecution History Estoppel to the '655 Patent)**

Each and every claim of the '655 patent is barred from being asserted against Defendants

under the doctrine of prosecution history estoppel.

**Forty-Fourth Defense**
**(Unenforceability of the '655 Patent)**

Each and every claim of the '655 patent is also invalid and/or unenforceable for reasons

of inequitable conduct and/or unclean hands.

**Forty-Fifth Defense**
**(Non-Infringement of the '163 patent)**

The manufacture, use, sale, offer for sale, or importation into the United States of the

allegedly infringing products have not infringed, do not infringe, and will not infringe any valid

and enforceable claim of the '163 patent directly, indirectly, by inducement, by contribution,

literally, under the doctrine of equivalents, or in any other manner.

39

**Forty-Sixth Defense**
**(Invalidity of the '163 patent)**

Each and every claim of the '163 patent is invalid for failure to satisfy one or more

provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101,

102, 103, and 112, and/or is invalid under the doctrine of obviousness-type double patenting.

**Forty-Seventh Defense**
**(Application of Prosecution History Estoppel to the '163 Patent)**

Each and every claim of the '163 patent is barred from being asserted against Defendants

under the doctrine of prosecution history estoppel.

**Forty-Eighth Defense**
**(Unenforceability of the '163 Patent)**

Each and every claim of the '163 patent is also invalid and/or unenforceable for reasons

of inequitable conduct and/or unclean hands.

**Forty-Ninth Defense**
**(Non-Infringement of the '815 patent)**

The manufacture, use, sale, offer for sale, or importation into the United States of the

allegedly infringing products have not infringed, do not infringe, and will not infringe any valid

and enforceable claim of the '815 patent directly, indirectly, by inducement, by contribution,

literally, under the doctrine of equivalents, or in any other manner.

**Fiftieth Defense**
**(Invalidity of the '815 patent)**

Each and every claim of the '815 patent is invalid for failure to satisfy one or more

provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101,

102, 103, and 112, and/or is invalid under the doctrine of obviousness-type double patenting.

40

**Fifty-First Defense**
**(Application of Prosecution History Estoppel to the '815 Patent)**

Each and every claim of the '815 patent is barred from being asserted against Defendants

under the doctrine of prosecution history estoppel.

**Fifty-Second Defense**
**(Unenforceability of the '815 Patent)**

Each and every claim of the '815 patent is also invalid and/or unenforceable for reasons

of inequitable conduct and/or unclean hands.

**Fifty-Third Defense**
**(Non-Infringement of the '917 patent)**

The manufacture, use, sale, offer for sale, or importation into the United States of the

allegedly infringing products have not infringed, do not infringe, and will not infringe any valid

and enforceable claim of the '917 patent directly, indirectly, by inducement, by contribution,

literally, under the doctrine of equivalents, or in any other manner.

**Fifty-Fourth Defense**
**(Invalidity of the '917 patent)**

Each and every claim of the '917 patent is invalid for failure to satisfy one or more

provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101,

102, 103, and 112, and/or is invalid under the doctrine of obviousness-type double patenting.

**Fifty-Fifth Defense**
**(Application of Prosecution History Estoppel to the '917 Patent)**

Each and every claim of the '917 patent is barred from being asserted against Defendants

under the doctrine of prosecution history estoppel.

41

## Fifty-Sixth Defense
### (Unenforceability of the '917 Patent)

Each and every claim of the '917 patent is also invalid and/or unenforceable for reasons of inequitable conduct and/or unclean hands.

## Fifty-Seventh Defense
### (Non-Infringement of the '972 patent)

The manufacture, use, sale, offer for sale, or importation into the United States of the allegedly infringing products have not infringed, do not infringe, and will not infringe any valid and enforceable claim of the '972 patent directly, indirectly, by inducement, by contribution, literally, under the doctrine of equivalents, or in any other manner.

## Fifty-Eigthth Defense
### (Invalidity of the '972 patent)

Each and every claim of the '972 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and/or is invalid under the doctrine of obviousness-type double patenting.

## Fifty-Ninth Defense
### (Application of Prosecution History Estoppel to the '972 Patent)

Each and every claim of the '972 patent is barred from being asserted against Defendants under the doctrine of prosecution history estoppel.

## Sixtieth Defense
### (Unenforceability of the '972 Patent)

Each and every claim of the '972 patent is also invalid and/or unenforceable for reasons of inequitable conduct and/or unclean hands.

**Sixty-First Defense**
**(Non-Infringement of the '452 patent)**

The manufacture, use, sale, offer for sale, or importation into the United States of the allegedly infringing products have not infringed, do not infringe, and will not infringe any valid and enforceable claim of the '452 patent directly, indirectly, by inducement, by contribution, literally, under the doctrine of equivalents, or in any other manner.

**Sixty-Second Defense**
**(Invalidity of the '452 patent)**

Each and every claim of the '452 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and/or is invalid under the doctrine of obviousness-type double patenting.

**Sixty-Third Defense**
**(Application of Prosecution History Estoppel to the '452 Patent)**

Each and every claim of the '452 patent is barred from being asserted against Defendants under the doctrine of prosecution history estoppel.

**Sixty-Fourth Defense**
**(Unenforceability of the '452 Patent)**

Each and every claim of the '452 patent is also invalid and/or unenforceable for reasons of inequitable conduct and/or unclean hands.

**Sixty-Fifth Defense**
**(Non-Infringement of the '569 patent)**

The manufacture, use, sale, offer for sale, or importation into the United States of the allegedly infringing products have not infringed, do not infringe, and will not infringe any valid and enforceable claim of the '569 patent directly, indirectly, by inducement, by contribution, literally, under the doctrine of equivalents, or in any other manner.

43

**Sixty-Sixth Defense**
**(Invalidity of the '569 patent)**

Each and every claim of the '569 patent is invalid for failure to satisfy one or more

provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101,

102, 103, and 112, and/or is invalid under the doctrine of obviousness-type double patenting.

**Sixty-Seventh Defense**
**(Application of Prosecution History Estoppel to the '569 Patent)**

Each and every claim of the '569 patent is barred from being asserted against Defendants

under the doctrine of prosecution history estoppel.

**Sixty-Eighth Defense**
**(Unenforceability of the '569 Patent)**

Each and every claim of the '569 patent is also invalid and/or unenforceable for reasons

of inequitable conduct and/or unclean hands.

**Sixty-Ninth Defense**
**(No Costs)**

Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with this suit.

**Seventieth Defense**
**(Limitation on Damages)**

Plaintiff's claim for damages for alleged patent infringement is limited by 35 U.S.C.

§ 287.  Plaintiff also cannot prove that this is an exceptional case under 35 U.S.C. § 285, and,

consequently, Plaintiff is not entitled to enhanced damages or attorneys' fees pursuant to that

section.

44

**Seventy-First Defense**
**(Laches and/ or Equitable Estoppel)**

Plaintiff's patent infringement, trademark infringement, Lanham Act, deceptive trade

practices, unfair competition, and injury to business reputation claims are unenforceable against

Defendants, in whole or in part, under the doctrines of laches and/or equitable estoppel.

**Seventy-Second Defense**
**(Reservation of Rights)**

Defendants reserve the right to allege additional affirmative defenses as they become

known through the course of discovery.

45

## COUNTERCLAIMS

Without admitting any of the Plaintiff's allegations other than those expressly admitted herein, and without prejudice of the rights of Defendants to plead additional Counterclaims as the facts of the matter warrant, Defendants Civiq Smartscapes, LLC and Comark, LLC (collectively "Counterclaim Plaintiffs") hereby assert the following Counterclaims against MRI.

### THE PARTIES

1.      Upon information and belief, Plaintiff Manufacturing Resources International, Inc. is incorporated in Georgia and has a principal place of business at 6415 Shiloh Road East, Alpharetta, GA 30005.

2.      Defendant Civiq Smartscapes, LLC is a Delaware limited liability company and has a principal place of business at 430 Fortune Boulevard, Milford, MA 01757.

3.      Defendant Comark, LLC is a Delaware limited liability company and has a principal place of business at 440 Fortune Boulevard, Milford, MA 01757.

### JURISDICTION AND VENUE

4.      These counterclaims arise under the United States patent laws, 35 U.S.C. § 1, et seq., and seek relief for which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5.      To the extent that venue over MRI's claims is proper, venue is proper in this District for these counterclaims pursuant to 28 U.S.C. §§ 1391 and 1400.

6.      MRI has sued Counterclaim Plaintiffs for patent infringement.  Counterclaim Plaintiffs deny infringement.  There is therefore a substantial, actual, and continuing controversy

46

between MRI and Counterclaim Plaintiffs as to infringement, invalidity and enforceability of the patents-in-suit.

7.    MRI has consented to personal jurisdiction by commencing this action for patent infringement in this judicial jurisdiction, as set forth in MRI's Complaint.

## FACTUAL BACKGROUND

8.    U.S. Patent No. 8,854,595 ("the '595 patent") is titled "Constricted Convection Cooling System for an Electronic Display" and issued on October 7, 2014.

9.    U.S. Patent No. 9,173,322 ("the '322 patent") is titled "Constricted Convection Cooling System for an Electronic Display" and issued on October 27, 2015.

10.    U.S. Patent No. 8,767,165 ("the '165 patent") is titled "Isolated Gas Cooling System for an Electronic Display" and issued on July 1, 2014.

11.    U.S. Patent No. 8,274,622 ("the '622 patent") is titled "System for Using Constricted Convection with Closed Loop Plenum as the Convection Plate" and issued on September 25, 2012.

12.    U.S. Patent No. 8,482,695 ("the '695 patent") is titled "System for Using Constricted Convection with Closed Loop Cooling System as the Convection Plate" and issued on July 9, 2013.

13.    U.S. Patent No. 8,854,572 ("the '572 patent") is titled "System for Using Constricted Convection with Closed Loop Cooling System as the Convection Plate" and issued on October 7, 2014.

14.    U.S. Patent No. 9,089,079 ("the '079 patent") is titled "System for Using Constricted Convection with Closed Loop Cooling System as the Convection Plate" and issued on July 21, 2015.

47

15.     U.S. Patent No. 8,373,841 ("the '841 patent") is titled "Shared Isolated Gas Cooling System for Oppositely Facing Electronic Displays" and issued on February 12, 2013.

16.     U.S. Patent No. 8,351,014 ("the '014 patent") is titled "Heat Exchanger for Back to Back Electronic Displays" and issued on January 8, 2013.

17.     U.S. Patent No. 9,030,129 ("the '129 patent") is titled "Backlight Adjustment System" and issued on May 12, 2015.

18.     U.S. Patent No. 9,167,655 ("the '655 patent") is titled "Backlight Adjustment System" and issued on October 20, 2015.

19.     U.S. Patent No. 8,125,163 ("the '163 patent") is titled "Backlight Adjustment System" and issued on February 28, 2012.

20.     U.S. Patent No. 8,829,815 ("the '815 patent") is titled "Backlight Adjustment System" and issued on September 9, 2014.

21.     U.S. Patent No. 9,313,917 ("the '917 patent") is titled "Thermal Plate with Optional Cooling Loop in Electronic Display" and issued on April 12, 2016.

22.     U.S. Patent No. 8,497,972 ("the '972 patent") is titled "Thermal Plate with Optional Cooling Loop in Electronic Display" and issued on July 30, 2013.

23.     U.S. Patent No. 8,016,452 ("the '452 patent") is titled "Advertising Displays" and issued on September 13, 2011.

24.     U.S. Patent No. 9,448,569 ("the '569 patent") is titled "System for Reducing the Thermal Inertia of an Electronic Display" and issued on September 20, 2016.

25.     MRI has alleged that it is the owner of the '595 patent, the '322 patent, the '165 patent, the '622 patent, the '695 patent, the '572 patent, the '079 patent, the '841 patent, the '014

48

patent, the '129 patent, the '655 patent, the '163 patent, the '815 patent, the '917 patent, the '972 patent, the '452 patent, and the '569 patent (collectively, "the patents-in-suit").

26.     Civiq Smartscapes, LLC received a letter dated May 24, 2016 sent by James Kwak of Standley Law Group LLC on behalf of MRI that referenced the '595 and '322 patents and Civiq Smartscapes, LLC's "LinkNYC displays."

27.     On December 27, 2016, Douglas Kline of Goodwin Procter LLP sent a letter to MRI through Mr. Kwak stating that the cooling system used in Civiq Smartscapes, LLC's kiosk products was based on cooling systems designed and integrated into display assemblies sold at least as early as 2006.

28.     The December 27, 2016 letter further described several publications and Civiq Smartscapes, LLC's view that these references render the claims identified in the May 24, 2016 letter invalid.  The letter attached a claim chart depicting Civiq Smartscapes, LLC's view that all of the elements of these claims are disclosed in these publications.

29.     MRI never sent any of Defendants or their representatives any communication that responded to or acknowledged the substance of the specific noninfringement or invalidity allegations in the December 27, 2016 letter.

30.     Goodwin Procter LLP received a letter dated August 19, 2016 sent by James Kwak of Standley Law Group LLP on behalf of MRI.  This letter included as attachments:

- A letter dated August 18, 2015 from Jeffrey Standley of Standley Law Group LLP to Julian Binavince of Levy Zavet PC;

- Letters dated October 21, 2105 and March 22, 2016 from James Kwak of Standley Law Group LLP to Juwon Lee of LG Electronics Inc.; and

49

- A letter dated May 17, 2016 from James Kwak of Standley Law Group LLP to Julian Binavince of Levy Zavet PC and an entity named "Vertigo Group USA LLC."

31.     None of the attachments to the August 19, 2016 letter includes Vertigo Digital Displays or any of the Defendants as an addressee.

32.     On information and belief, "Vertigo Group USA LLC" does not have the same address as Vertigo Digital Displays of Toronto, Canada.

33.     On information and belief, "Vertigo Group USA LLC" is not the same entity as Vertigo Digital Displays of Toronto, Canada.

34.     On March 14, 2017, MRI filed a Complaint alleging that Counterclaim Plaintiffs infringe the patents-in-suit through the sale, offer for sale, and/or manufacture of "the Vertigo FlexVue line of displays," "Totem series," "Pronto series," "Ferro series," and "the Link display units" (collectively, "the Accused Devices").  *See* Complaint at ¶ 151.  A document purporting to be a claim chart was attached to MRI's Complaint as Exhibit B, referencing "the Link device" and "the Vertigo FlexVue line of products, including the Totem and Pronto series of products." *See* Complaint at Ex. B.

35.     To the extent that MRI has purported to identify in its Complaint other products it accuses of patent infringement, such as "Digital Out of Home Displays," "digital menu boards," "presell boards," "beverage center boards," "outdoor billboards," and/or "outdoor digital displays incorporating Samsung's OH-D line of display products," MRI has not provided Counterclaim Plaintiffs with enough detail or specificity for Counterclaim Plaintiffs to identify particular products corresponding to these vague, broad categories.  *See* Complaint at ¶ 151.

36. The earliest possible priority date listed on the face of any of the patents-in-suit is March 3, 2008.

37. Comark, LLC and/or its predecessor(s) offered flat panel displays for sale prior to the earliest priority date of any of the patents-in-suit.

38. Comark, LLC and/or its predecessor(s) sold flat panel displays prior to the earliest priority date of any of the patents-in-suit.

39. The white paper publication "Cooling Flat Panel Displays" by Frank Federman ("Feldman White Paper") appeared at www.activethermal.com at least as early as March 2007.

40. The Feldman White Paper is prior art to the patents-in-suit.

41. The article "Driving LEDs versus CCFLs for LCD Backlighting" by Tom Novitsky and Bill Abbott of Endicott Research Group, Inc., published on the EETimes at http://www.eetimes.com/document.asp?doc_id=1272405 ("Novitsky"), bears a document ID of 1272405 and is dated November 2007.

42. Novitsky is prior art to the patents-in-suit.

43. U.S. Patent No. 6,493,440 to Gromatzky, et al. ("Gromatzky") issued on December 10, 2002.

44. Gromatzky is prior art to the patents-in-suit.

45. U.S. Patent Application Publication No. 2006/0092348 to Park ("Park") was filed on October 27, 2005 and published on May 4, 2006.

46. Park is prior art to the patents-in-suit.

47. U.S. Patent No. 5,991,153 to Heady ("Heady I") issued on November 23, 1999.

48. Heady I is prior art to the patents-in-suit.

49. U.S. Patent No. 6,215,655 to Heady ("Heady II") issued on April 10, 2001.

50.    Heady II is prior art to the patents-in-suit.

51.    U.S. Patent No. 7,212,403 to Rockenfeller ("Rockenfeller") issued on May 1, 2007.

52.    Rockenfeller is prior art to the patents-in-suit.

53.    U.S. Patent Application Publication No. 2008/0136770 to Peker ("Peker") was filed on December 3, 2007 and published on June 12, 2008.

54.    Peker is prior art to the patents-in-suit.

55.    U.S. Patent Application Publication No. 2008/0303918 to Keithley ("Keithley") was filed on June 11, 2007 and published on December 11, 2008.

56.    Keithley is prior art to the patents-in-suit.

57.    U.S. Patent No. 8,472,174 to Idems ("Idems") issued on June 25, 2013 and claims priority to U.S. Provisional Application No. 61/051,197, filed on May 7, 2008.

58.    The earliest possible priority date for the '452 patent is June 11, 2008.

59.    If Idems is entitled to the priority date of U.S. Provisional Application No. 61/051,197, it is prior art to the '452 patent.

60.    U.S. Patent Application Publication No. 2005/0127796 to Olesen ("Olesen") was filed on October 28, 2004 and published on June 16, 2005.

61.    Olesen is prior art to the patents-in-suit.

62.    U.S. Patent No. 8,125,163 to Dunn ("Dunn") issued on February 28, 2012 and was filed on May 21, 2008.

63.    The earliest possible priority date for the '569 patent is February 24, 2009.

64.    Dunn is prior art to the '569 patent.

65.     U.S. Patent Application Publication No. 2009/0104989 to Williams ("Williams") was filed on October 23, 2007 and was published on April 23, 2009.

66.     Williams is prior art to the '569 patent.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '595 Patent)

67.     Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-66 of these Counterclaims and paragraphs 1-320 of its Answer.

68.     Each independent claim of the '595 patent requires a "constricted convection channel."

69.     Each independent claim of the '595 patent also requires a "constricted convection plate" "defining" said "constricted convection panel."

70.     On information and belief, one or more of the Accused Devices do not employ the constricted convection channel in the claimed configuration with a constricted convection plate required by the '595 patent.

71.     Counterclaim Plaintiffs have not infringed and do not infringe, directly or indirectly, any valid and/or enforceable claim of the '595 patent, either literally, under the doctrine of equivalents, or otherwise.

72.     MRI's infringement allegations as to the '595 patent are objectively baseless.

73.     A judicial declaration that Counterclaim Plaintiffs do not infringe the '595 patent is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain their rights and duties with respect to the products and/or services that MRI accuses of infringing the '595 patent.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '595 Patent)

74.    Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-73 of these Counterclaims and paragraphs 1-320 of its Answer.

75.    There is a substantial and continuing justiciable controversy between Counterclaim Plaintiffs and MRI as to MRI's right to maintain suit for infringement of the '595 patent, and as to the validity and scope thereof, and as to whether any of Counterclaim Plaintiffs' products and/or methods infringe any valid claim of the '595 patent.

76.    Each of the claims of the '595 patent is invalid for failure to meet one or more of the conditions specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or 132.

77.    For example, each of the claims of the '595 patent is invalid as anticipated and/or rendered obvious by products used, sold, and/or offered for sale by Comark, LLC in the United States prior to the earliest claimed priority date of the '595 patent.

78.    For example, each of the claims of the '595 patent is invalid as anticipated and/or rendered obvious by the Feldman White Paper, Novitsky, Gromatzky, and/or Park, alone or in combination.

79.    Each of the claims of the '595 patent is invalid under 35 U.S.C. § 112 for failure to meet the written description and enablement requirements and for indefiniteness.

## THIRD COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of the '595 patent)

80.    Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-79 of these Counterclaims and paragraphs 1-320 of its Answer.

54

81.     Vertigo Group, the entity which would later become Vertigo Digital Displays and whose assets were acquired by Civiq Smartscapes LLC, pioneered the use of digital out-of-home indoor and outdoor displays in the United States and Canada.

82.     In 2006, Vertigo Group, installed what is believed to be the first digital out-of-home display in the United States at the Fashion Show Mall located in Las Vegas, Nevada.

83.     On information and belief, between 2006 and 2007 Vertigo Group designed and manufactured approximately 100 digital out-of-home displays that were installed in shopping malls throughout the United States.

84.     In or around November 20, 2007, Vertigo Group submitted technical specifications and a design proposal on behalf of Outdoor Promotions, Inc. to build digital transit shelter displays outdoors in Las Vegas.

85.     In or around 2007, Vertigo Group was awarded a design and development contract for these digital out-of-home displays to be deployed outdoors in Las Vegas ("the Las Vegas Project").

86.     On information and belief, in 2007, MRI was in the business of selling modified LCD displays with enhanced backlighting.

87.     Vertigo Group sought partners to assist it in preparing deliverables for the Las Vegas Project.

88.     Vertigo Group contacted MRI as a potential supplier for an LCD display for the Las Vegas Project.

89.     On information and belief, prior to working with Vertigo Group, MRI had never made a fully integrated indoor or outdoor digital out-of-home display.

90.     On information and belief, prior to working with Vertigo Group, MRI had never sold a fully integrated indoor or outdoor digital out-of-home display.

91.     On information and belief, prior to working with Vertigo Group, MRI had never offered for sale a fully integrated indoor or outdoor digital out-of-home display.

92.     Vertigo Group purchased one or more LCD screens from MRI for use in the Vertigo Group's digital out of-home display model to be used in the Las Vegas Project.

93.     Vertigo Group and MRI executed a nondisclosure agreement.

94.     Vertigo Group and MRI executed a nondisclosure agreement on or around December 17, 2007.

95.     On information and belief, Marsha Rivard and/or Jeff Peterson executed the nondisclosure agreement on behalf of MRI.

96.     Vertigo Group provided information and know-how to MRI subject to the nondisclosure agreement.

97.     Vertigo Group provided information and know-how relating to cooling systems for digital out-of-home displays to MRI subject to the nondisclosure agreement.

98.     Vertigo Group purchased enhanced LCD displays from MRI in 2007 and/or 2008.

99.     MRI representatives visited Vertigo Group's facility in Canada to install MRI screens in Vertigo Group's prototypes for the Las Vegas Project in or the second half of 2007 or the first half of 2008.

100.     On information and belief, when MRI representatives visited Vertigo Group's facility, they examined Vertigo Group's products and prototypes and asked Vertigo Group engineers questions about those products.

56

101.    Vertigo Group explained the cooling systems and mechanisms being used in its digital out-of-home products to MRI's representatives in or around 2007 and 2008.

102.    Several prototypes of the digital displays incorporating MRI's LCD screens were constructed for the Las Vegas Project, at least one of which was installed outdoors in Las Vegas in or around June 2008.

103.    A prototype resulting from the Las Vegas Project was displayed at the Digital Signage Expo between February 25 and February 26, 2008 in Las Vegas, Nevada.

104.    MRI did not design the cooling systems used in the outdoor digital display prototype for the Las Vegas Project.

105.    MRI did not manufacture or install the cooling systems used in the digital display prototype for the Las Vegas Project.

106.    On information and belief, before to MRI's collaboration with Vertigo Group on the Las Vegas Project, MRI did not have experience with cooling systems for digital out-of-home displays.

107.    Vertigo Group provided know-how to MRI concerning digital out-of-home displays in 2007.

108.    Vertigo Group provided know-how to MRI concerning digital out-of-home displays in 2008.

109.    On information and belief, the Las Vegas Project prototype installed in February, 2008 and/or an outdoor digital display installed in a bus shelter in 2008 is referenced in Paragraph 18 of MRI's Complaint.

110.    Vertigo Group and MRI collaborated on other work related to digital out-of-home displays following the Las Vegas Project.

57

111. In or around July 2008, MRI and Vertigo Group along with a consortium of other companies including EliquidMEDIA International, Samsung Electronics, Outdoor Promotions LLC, Alliance Financing Group, and firmCHANNEL Digital Signage participated in a project to bring outdoor digital displays to bus shelters in Las Vegas, Nevada.

112. In 2008, Vertigo Group, submitted a proposal to Inova Multimedia GmbH to provide digital out-of-home displays at PATH train stations in New York and/or New Jersey ("the PATH project").

113. This proposal stated that the digital out-of-home displays for the PATH project would be based on a Vertigo Group display box that incorporated LCD screens.

114. Vertigo Group purchased LCD screens from MRI for use on the PATH project.

115. While working on the PATH project, Vertigo Group continued to provide know-how to MRI concerning construction and use of cooling systems in digital out-of-home displays.

116. On information and belief, in or around 2008 or 2009 MRI began positioning itself as being in the business of manufacturing and selling fully integrated digital out-of-home displays.

117. On information and belief, at around this time, MRI first began filing patent applications related to cooling systems for digital displays and to digital displays incorporating such systems, including the earliest applications to which the asserted patents claim priority.

118. The '595 patent is directed to systems for cooling electronic displays and LCD displays incorporating such systems.

119. Absent Vertigo Group's assistance, MRI would not have conceived and/or reduced the alleged invention claimed in the '595 patent to practice.

58

120.    It would transgress the equitable standards of conduct for MRI to enforce a patent against products that originated at Vertigo, when the technology at issue in the patent could not have been developed but for the assistance of Vertigo Group.  Therefore, each of the claims of the '595 patent is unenforceable against these products due to unclean hands.

121.    A judicial declaration that the claims of the '595 patent are unenforceable is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain their rights and duties with respect to the products and/or services that MRI accuses of infringing the '595 patent.

**FOURTH COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '322 Patent)**

122.    Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-121 of these Counterclaims and paragraphs 1-320 of its Answer.

123.    Independent claim 1 of the '322 patent requires a "constricted convection plate," "at least one bracket which connects the posterior display surface with the constricted convection plate," and a fan to "draw ambient air between the constricted convection plate and the rear posterior."

124.    On information and belief, one or more of the Accused Devices do not employ the bracket that connects the posterior display surface with the claimed constricted convection plate required by the '322 patent.

125.    On information and belief, one or more of the Accused Devices do not draw ambient air between the constricted convection plate and the rear posterior as required by the '322 patent.

126.    Counterclaim Plaintiffs have not infringed and do not infringe, directly or indirectly, any valid and/or enforceable claim of the '322 patent, either literally, under the doctrine of equivalents, or otherwise.

127.    MRI infringement allegations as to the '322 patent are objectively baseless.

128.    A judicial declaration that Counterclaim Plaintiffs do not infringe the '322 patent is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain their rights and duties with respect to the products and/or services that MRI accuses of infringing the '322 patent.

**FIFTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the '322 Patent)**

129.    Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-128 of these Counterclaims and paragraphs 1-320 of its Answer.

130.    There is a substantial and continuing justiciable controversy between Counterclaim Plaintiffs and MRI as to MRI's right to maintain suit for infringement of the '322 patent, and as to the validity and scope thereof, and as to whether any of Counterclaim Plaintiffs' products and/or methods infringe any valid claim of the '322 patent.

131.    Each of the claims of the '322 patent is invalid for failure to meet one or more of the conditions specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or 132.

132.    For example, each of the claims of the '322 patent is invalid as anticipated and/or rendered obvious by products used, sold, and/or offered for sale by Comark, LLC in the United States prior to the earliest claimed priority date of the '322 patent.

133.    For example, each of the claims of the '322 patent is invalid as anticipated and/or rendered obvious by Gromatzky.

60

134.    Each of the claims of the '322 patent is invalid under 35 U.S.C. § 112 for failure to meet the written description and enablement requirements and for indefiniteness.

## SIXTH COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of the '322 patent)

135.    Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-134 of these Counterclaims and paragraphs 1-320 of its Answer.

136.    The '322 patent is directed to systems for cooling electronic displays and LCD displays incorporating such systems.

137.    Absent Vertigo Group's assistance, MRI would not have conceived and/or reduced the alleged invention claimed in the '322 patent to practice.

138.    It would transgress the equitable standards of conduct for MRI to enforce a patent against products that originated at Vertigo, when the technology at issue in the patent could not have been developed but for the assistance of Vertigo Group.  Therefore, each of the claims of the '322 patent is unenforceable against these products due to unclean hands.

139.    A judicial declaration that the claims of the '322 patent are unenforceable is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain their rights and duties with respect to the products and/or services that MRI accuses of infringing the '322 patent.

## SEVENTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '165 Patent)

140.    Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-139 of these Counterclaims and paragraphs 1-320 of its Answer.

141.    Independent claim 1 of the '165 patent requires "a second fan positioned to force ambient air from outside of the housing over the rear surface of the backlight."

61

142.    Independent claim 14 of the '165 patent requires "a second fan adapted to force ambient air from outside the housing between the first and second gas chambers."

143.    On information and belief, one or more of the Accused Devices do not employ the second fan that forces ambient air from outside the housing over the rear surface of the backlight required by the '165 patent.

144.    On information and belief, one or more of the Accused Devices do not employ the second fan that forces ambient air between the first and second gas chambers required by the '165 patent.

145.    Counterclaim Plaintiffs have not infringed and do not infringe, directly or indirectly, any valid and/or enforceable claim of the '165 patent, either literally, under the doctrine of equivalents, or otherwise.

146.    MRI's infringement allegations as to the '165 patent are objectively baseless.

147.    A judicial declaration that Counterclaim Plaintiffs do not infringe the '165 patent is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain their rights and duties with respect to the products and/or services that MRI accuses of infringing the '165 patent.

### EIGHTH COUNTERCLAIM
**(Declaratory Judgment of Invalidity of the '165 Patent)**

148.    Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-147 of these Counterclaims and paragraphs 1-320 of its Answer.

149.    There is a substantial and continuing justiciable controversy between Counterclaim Plaintiffs and MRI as to MRI's right to maintain suit for infringement of the '165 patent, and as to the validity and scope thereof, and as to whether any of Counterclaim Plaintiffs' products and/or methods infringe any valid claim of the '165 patent.

150.    Each of the claims of the '165 patent is invalid for failure to meet one or more of the conditions specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or 132.

151.    For example, each of the claims of the '165 patent is invalid as anticipated and/or rendered obvious by products used, sold, and/or offered for sale by Comark, LLC in the United States prior to the earliest claimed priority date of the '165 patent.

152.    For example, each of the claims of the'165 patent is invalid as anticipated and/or rendered obvious by Heady I.

153.    Each of the claims of the '165 patent is invalid under 35 U.S.C. § 112 for failure to meet the written description and enablement requirements and for indefiniteness.

## NINTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '622 Patent)

154.    Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-153 of these Counterclaims and paragraphs 1-320 of its Answer.

155.    Independent claims 1 and 10 of the '622 patent require a "space between the rear cooling chamber and the display defining a gap."

156.    Independent claim 1 of the '622 patent requires "a fan positioned to create a flow of ambient air through the gap."

157.    Independent claim 14 of the '622 patent requires a "space between the rear cooling chamber and the posterior surface of the LED backlight defining a gap" and an "exhaust aperture adapted to exhaust air that has passed through the gap."

158.    On information and belief, one or more of the Accused Devices do not employ the gap between the rear cooling chamber and the display required by the '622 patent.

63

159. On information and belief, one or more of the Accused Devices do not employ the gap between the rear cooling chamber and the posterior surface of the LED backlight required by the '622 patent.

160. On information and belief, one or more of the Accused Devices do not employ the fan positioned to create the flow of ambient air through the gap required by the '622 patent.

161. On information and belief, one or more of the Accused Devices do not employ the exhaust aperture adapted to exhaust air that has passed through the gap required by the '622 patent.

162. Counterclaim Plaintiffs have not infringed and do not infringe, directly or indirectly, any valid and/or enforceable claim of the '622 patent, either literally, under the doctrine of equivalents, or otherwise.

163. MRI infringement allegations as to the '622 patent are objectively baseless.

164. A judicial declaration that Counterclaim Plaintiffs do not infringe the '622 patent is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain their rights and duties with respect to the products and/or services that MRI accuses of infringing the '622 patent.

**TENTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the '622 Patent)**

165. Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-164 of these Counterclaims and paragraphs 1-320 of its Answer.

166. There is a substantial and continuing justiciable controversy between Counterclaim Plaintiffs and MRI as to MRI's right to maintain suit for infringement of the '622 patent, and as to the validity and scope thereof, and as to whether any of Counterclaim Plaintiffs' products and/or methods infringe any valid claim of the '622 patent.

64

167. Each of the claims of the '622 patent is invalid for failure to meet one or more of the conditions specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or 132.

168. For example, each of the claims of the '622 patent is invalid as anticipated and/or rendered obvious by products used, sold, and/or offered for sale by Comark, LLC in the United States prior to the earliest claimed priority date of the '622 patent.

169. For example, each of the claims of the '622 patent is invalid as anticipated and/or rendered obvious by Gromatzky.

170. Each of the claims of the '622 patent is invalid under 35 U.S.C. § 112 for failure to meet the written description and enablement requirements and for indefiniteness.

## ELEVENTH COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of the '622 Patent)

171. Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-170 of these Counterclaims and paragraphs 1-320 of its Answer.

172. The '622 patent is directed to systems for cooling displays and display assemblies incorporating such systems.

173. Absent Vertigo Group's assistance, MRI would not have conceived and/or reduced the alleged invention claimed in the '622 patent to practice.

174. It would transgress the equitable standards of conduct for MRI to enforce a patent against products that originated at Vertigo, when the technology at issue in the patent could not have been developed but for the assistance of Vertigo Group. Therefore, each of the claims of the '622 patent is unenforceable against these products due to unclean hands.

175. A judicial declaration that the claims of the '622 patent are unenforceable is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain their rights

65

and duties with respect to the products and/or services that MRI accuses of infringing the '622 patent.

**TWELFTH COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '695 Patent)**

176.   Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-175 of these Counterclaims and paragraphs 1-320 of its Answer.

177.   Independent claim 1 of the '695 patent requires a "space between the rear surface and the second gas chamber defining a gap" and "a fan positioned to draw ambient air through said gap."

178.   Independent claim 1 of the '695 patent requires a "a first gas chamber positioned anterior to the electronic display surface" and "a second gas chamber in gaseous communication with said first gas chamber and positioned posterior to the rear surface of the electronic display."

179.   Independent claim 15 of the '695 patent requires a "second gas chamber positioned adjacent to the rear surface of the LED backlight, the space between the second gas chamber and rear surface of the LED backlight defining a gap" and "a fan which forces ambient air into the housing, through the gap, and out the exhaust."

180.   On information and belief, one or more of the Accused Devices do not employ the fan positioned to draw ambient air through the gap defined by the space between the rear surface and the second gas chamber required by the '695 patent.

181.   On information and belief, one or more of the Accused Devices do not employ the first gas chamber anterior to the electronic display surface that is in gaseous communication with the second gas chamber positioned posterior to the rear surface of the electronic display required by the '695 patent.

66

182. On information and belief, one or more of the Accused Devices do not employ the fan that forces ambient air into the housing, through the gap defined by the space between the second gas chamber and rear surface of the LED backlight, and out an exhaust required by the '695 patent.

183. Counterclaim Plaintiffs have not infringed and do not infringe, directly or indirectly, any valid and/or enforceable claim of the '695 patent, either literally, under the doctrine of equivalents, or otherwise.

184. MRI's infringement allegations as to the '695 patent are objectively baseless.

185. A judicial declaration that Counterclaim Plaintiffs do not infringe the '695 patent is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain their rights and duties with respect to the products and/or services that MRI accuses of infringing the '695 patent.

## THIRTEENTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '695 Patent)

186. Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-185 of these Counterclaims and paragraphs 1-320 of its Answer.

187. There is a substantial and continuing justiciable controversy between Counterclaim Plaintiffs and MRI as to MRI's right to maintain suit for infringement of the '695 patent, and as to the validity and scope thereof, and as to whether any of Counterclaim Plaintiffs' products and/or methods infringe any valid claim of the '695 patent.

188. Each of the claims of the '695 patent is invalid for failure to meet one or more of the conditions specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or 132.

189.    For example, each of the claims of the '695 patent is invalid as anticipated and/or rendered obvious by products used, sold, and/or offered for sale by Comark, LLC in the United States prior to the earliest claimed priority date of the '695 patent.

190.    For example, each of the claims of the'695 patent is invalid as anticipated and/or rendered obvious by Heady II.

191.    Each of the claims of the '695 patent is invalid under 35 U.S.C. § 112 for failure to meet the written description and enablement requirements and for indefiniteness.

### FOURTEENTH COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of the '695 Patent)

192.    Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-191 of these Counterclaims and paragraphs 1-320 of its Answer.

193.    The '695 patent is directed to systems for cooling electronic or LCD displays and electronic displays incorporating such systems.

194.    Absent VertiGo's assistance, MRI would not have conceived and/or reduced the alleged invention claimed in the '695 patent to practice.

195.    It would transgress the equitable standards of conduct for MRI to enforce a patent against products that originated at Vertigo, when the technology at issue in the patent could not have been developed but for the assistance of Vertigo Group.  Therefore, each of the claims of the '695 patent is unenforceable against these products due to unclean hands.

196.    A judicial declaration that the claims of the '695 patent are unenforceable is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain their rights and duties with respect to the products and/or services that MRI accuses of infringing the '695 patent.

## FIFTEENTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '572 Patent)

197.    Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-196 of these Counterclaims and paragraphs 1-320 of its Answer.

198.    Counterclaim Plaintiffs have not infringed and do not infringe, directly or indirectly, any valid and/or enforceable claim of the '572 patent, either literally, under the doctrine of equivalents, or otherwise.

199.    MRI infringement allegations as to the '572 patent are objectively baseless.

200.    A judicial declaration that Counterclaim Plaintiffs do not infringe the '572 patent is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain their rights and duties with respect to the products and/or services that MRI accuses of infringing the '572 patent.

## SIXTEENTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '572 Patent)

201.    Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-200 of these Counterclaims and paragraphs 1-320 of its Answer.

202.    There is a substantial and continuing justiciable controversy between Counterclaim Plaintiffs and MRI as to MRI's right to maintain suit for infringement of the '572 patent, and as to the validity and scope thereof, and as to whether any of Counterclaim Plaintiffs' products and/or methods infringe any valid claim of the '572 patent.

203.    Each of the claims of the '572 patent is invalid for failure to meet one or more of the conditions specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or 132.

69

204. For example, each of the claims of the '572 patent is invalid as anticipated and/or rendered obvious by products used, sold, and/or offered for sale by Comark, LLC in the United States prior to the earliest claimed priority date of the '572 patent.

205. For example, each of the claims of the'572 patent is invalid as anticipated and/or rendered obvious by Gromatzky and/or Park, alone or in combination.

206. Each of the claims of the '572 patent is invalid under 35 U.S.C. § 112 for failure to meet the written description and enablement requirements and for indefiniteness.

## SEVENTEENTH COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of the '572 Patent)

207. Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-206 of these Counterclaims and paragraphs 1-320 of its Answer.

208. The '572 patent is directed to methods for cooling electronic or LCD displays.

209. Absent Vertigo Group's assistance, MRI would not have conceived and/or reduced the alleged invention claimed in the '572 patent to practice.

210. It would transgress the equitable standards of conduct for MRI to enforce a patent against products that originated at Vertigo, when the technology at issue in the patent could not have been developed but for the assistance of Vertigo Group.  Therefore, each of the claims of the '572 patent is unenforceable against these products due to unclean hands.

211. A judicial declaration that the claims of the '572 patent are unenforceable is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain their rights and duties with respect to the products and/or services that MRI accuses of infringing the '572 patent.

**EIGHTEENTH COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '079 Patent)**

212. Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-211 of these Counterclaims and paragraphs 1-320 of its Answer.

213. Independent claim 1 of the '079 patent requires "an open loop of cooling air travelling along the rear surface of the electronic display" that "flows through the center of" a "closed loop of circulating gas."

214. Independent claim 11 of the '079 patent requires "an open loop of cooling air travelling . . . along the rear surface of the LED backlight."

215. Independent claim 16 of the '079 patent requires "an open loop of cooling air contacting the rear surface of the LED backlight."

216. On information and belief, one or more of the Accused Devices do not employ the open loop of cooling air travelling along the rear surface of the electronic display required by the '079 patent.

217. On information and belief, one or more of the Accused Devices do not employ the open loop of cooling air that flows through the center of the closed loop of circulating gas required by the '079 patent.

218. On information and belief, one or more of the Accused Devices do not employ the open loop of cooling air travelling along the rear surface of the LED backlight required by the '079 patent.

219. On information and belief, one or more of the Accused Devices do not employ the open loop of cooling air contacting the rear surface of the LED backlight required by the '079 patent.

71

220.    Counterclaim Plaintiffs have not infringed and do not infringe, directly or indirectly, any valid and/or enforceable claim of the '079 patent, either literally, under the doctrine of equivalents, or otherwise.

221.    MRI infringement allegations as to the '079 patent are objectively baseless.

222.    A judicial declaration that Counterclaim Plaintiffs do not infringe the '079 patent is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain their rights and duties with respect to the products and/or services that MRI accuses of infringing the '079 patent.

### NINETEENTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '079 Patent)

223.    Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-222 of these Counterclaims and paragraphs 1-320 of its Answer.

224.    There is a substantial and continuing justiciable controversy between Counterclaim Plaintiffs and MRI as to MRI's right to maintain suit for infringement of the '079 patent, and as to the validity and scope thereof, and as to whether any of Counterclaim Plaintiffs' products and/or methods infringe any valid claim of the '079 patent.

225.    Each of the claims of the '079 patent is invalid for failure to meet one or more of the conditions specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or 132.

226.    For example, each of the claims of the '079 patent is invalid as anticipated and/or rendered obvious by products used, sold, and/or offered for sale by Comark, LLC in the United States prior to the earliest claimed priority date of the '079 patent.

227.    For example, each of the claims of the'079 patent is invalid as anticipated and/or rendered obvious by Heady I and/or Heady II, alone or in combination.

228.   Each of the claims of the '079 patent is invalid under 35 U.S.C. § 112 for failure to meet the written description and enablement requirements and for indefiniteness.

## TWENTIETH COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of the '079 Patent)

229.   Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-228 of these Counterclaims and paragraphs 1-320 of its Answer.

230.   The '079 patent is directed to systems for cooling electronic displays and to electronic and LCD displays incorporating such systems.

231.   Absent Vertigo Group's assistance, MRI would not have conceived and/or reduced the alleged invention claimed in the '079 patent to practice.

232.   It would transgress the equitable standards of conduct for MRI to enforce a patent against products that originated at Vertigo, when the technology at issue in the patent could not have been developed but for the assistance of Vertigo Group.  Therefore, each of the claims of the '079 patent is unenforceable against these products due to unclean hands.

233.   A judicial declaration that the claims of the '079 patent are unenforceable is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain their rights and duties with respect to the products and/or services that MRI accuses of infringing the '079 patent.

## TWENTY-FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '841 Patent)

234.   Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-233 of these Counterclaims and paragraphs 1-320 of its Answer.

235.   Independent claim 1 of the '841 patent requires "a first gas compartment placed at the front of the first display; a second gas compartment placed at the front of the second display;

73

a third gas compartment in gaseous communication with the first and second gas compartments" and "a first fan within the third gas compartment which propels gas around the first, second, and third gas compartments."

236.    Independent claim 9 of the '841 patent requires "a cooling plenum between" a first and second display that is "in gaseous communication with" both "a first gas chamber placed in front of and co-existive [sic] with the first display surface" and a "second gas chamber placed in front of and co-existive [sic] with the second display surface."

237.    Independent claim 9 of the '841 patent requires "a fan within the cooling plenum which propels isolated gas through the cooling plenum and the first and second gas chambers."

238.    Independent claim 16 of the '841 patent requires "first gas chamber which is in contact with the first electronic display surface and a second gas chamber which is in contact with the second electronic display surface and a cooling plenum which is in gaseous communication with both the first and second gas chambers."

239.    Independent claim 16 of the '841 patent requires "directing the isolated gas into the cooling plenum."

240.    Independent claim 16 of the '841 patent requires "reintroducing the cooled isolated gas into the first and second gas chambers."

241.    On information and belief, one or more of the Accused Devices do not employ the third gas compartment in gaseous communication with first and second gas compartments required by the '841 patent.

242.    On information and belief, one or more of the Accused Devices do not employ the fan that propels gas around the first, second, and third gas compartment required by the '841 patent.

74

243. On information and belief, one or more of the Accused Devices do not employ the cooling plenum in gaseous communication with the first and second gas chamber required by the '841 patent.

244. On information and belief, one or more of the Accused Devices do not employ the fan that propels gas through the cooling plenum and first and second gas chamber required by the '841 patent.

245. On information and belief, one or more of the Accused Devices do not employ the cooling plenum in gaseous communication with the first and second gas chambers required by the '841 patent.

246. On information and belief, one or more of the Accused Devices do not direct the isolated gas into the cooling plenum required by the '841 patent.

247. On information and belief, one or more of the Accused Devices do not reintroduce the cooled isolated gas into the first and second gas chambers required by the '841 patent.

248. Counterclaim Plaintiffs have not infringed and do not infringe, directly or indirectly, any valid and/or enforceable claim of the '841 patent, either literally, under the doctrine of equivalents, or otherwise.

249. MRI infringement allegations as to the '841 patent are objectively baseless.

250. A judicial declaration that Counterclaim Plaintiffs do not infringe the '841 patent is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain their rights and duties with respect to the products and/or services that MRI accuses of infringing the '841 patent.

## TWENTY-SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '841 Patent)

251. Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-250 of these Counterclaims and paragraphs 1-320 of its Answer.

252. There is a substantial and continuing justiciable controversy between Counterclaim Plaintiffs and MRI as to MRI's right to maintain suit for infringement of the '841 patent, and as to the validity and scope thereof, and as to whether any of Counterclaim Plaintiffs' products and/or methods infringe any valid claim of the '841 patent.

253. Each of the claims of the '841 patent is invalid for failure to meet one or more of the conditions specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or 132.

254. For example, each of the claims of the '841 patent is invalid as anticipated and/or rendered obvious by products used, sold, and/or offered for sale by Comark, LLC in the United States prior to the earliest claimed priority date of the '841 patent.

255. For example, each of the claims of the '841 patent is invalid as anticipated and/or rendered obvious by Rockenfeller.

256. Each of the claims of the '841 patent is invalid under 35 U.S.C. § 112 for failure to meet the written description and enablement requirements and for indefiniteness.

## TWENTY-THIRD COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of the '841 Patent)

257. Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-256 of these Counterclaims and paragraphs 1-320 of its Answer.

258. The '841 patent is directed to systems and methods for cooling electronic displays and to electronic and displays incorporating such systems.

259.     Absent Vertigo Group's assistance, MRI would not have conceived and/or reduced the alleged invention claimed in the '841 patent to practice.

260.     It would transgress the equitable standards of conduct for MRI to enforce a patent against products that originated at Vertigo, when the technology at issue in the patent could not have been developed but for the assistance of Vertigo Group.  Therefore, each of the claims of the '841 patent is unenforceable against these products due to unclean hands.

261.     A judicial declaration that the claims of the '841 patent are unenforceable is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain their rights and duties with respect to the products and/or services that MRI accuses of infringing the '841 patent.

### TWENTY-FOURTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '014 Patent)

262.     Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-261 of these Counterclaims and paragraphs 1-320 of its Answer.

263.     Independent claims 1 and 9 of the '014 patent require "gas pathways" where "the first gas pathway is in gaseous communication with" "channels defined by the space between" the "front display surface and the front portion of each electronic image assembly."

264.     Independent claim 1 of the '014 patent requires a "fan assembly positioned so as to force circulating gas through the channels and the first gas pathway."

265.     Independent claim 9 of the '014 patent requires a "housing, channels, and first gas pathway of the heat exchanger" that "define a closed gaseous loop."

266.     Independent claim 16 of the '014 patent requires "a front channel defined by the space between the front display surface and the LCD," "a pair of substantially parallel plates

placed between the two LED backlights," and "a center channel defined by the space between the plates, where the center channel is in gaseous communication with the front channels."

267.   Independent claim 16 of the '014 patent requires "a first fan positioned so as to force circulating gas through the channels and the first gas pathway."

268.   On information and belief, one or more of the Accused Devices do not employ the first gas pathway in gaseous communication with the channels required by the '014 patent.

269.   On information and belief, one or more of the Accused Devices do not employ the fan assembly positioned so as to force circulating gas through the channels and the first gas pathway required by the '014 patent.

270.   On information and belief, one or more of the Accused Devices do not employ the housing, channels, and first gas pathway of the heat exchanger defining a closed gaseous loop required by the '014 patent.

271.   On information and belief, one or more of the Accused Devices do not employ the center channel in gaseous communication with the front channels required by the '014 patent.

272.   On information and belief, one or more of the Accused Devices do not employ the fan positioned to force circulating gas through the channels and the first gas pathway required by the '014 patent.

273.   Counterclaim Plaintiffs have not infringed and do not infringe, directly or indirectly, any valid and/or enforceable claim of the '014 patent, either literally, under the doctrine of equivalents, or otherwise.

274.   MRI infringement allegations as to the '014 patent are objectively baseless.

275.   A judicial declaration that Counterclaim Plaintiffs do not infringe the '014 patent is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain their rights

and duties with respect to the products and/or services that MRI accuses of infringing the '014 patent.

## TWENTY-FIFTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '014 Patent)

276. Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-277 of these Counterclaims and paragraphs 1-320 of its Answer.

277. There is a substantial and continuing justiciable controversy between Counterclaim Plaintiffs and MRI as to MRI's right to maintain suit for infringement of the '014 patent, and as to the validity and scope thereof, and as to whether any of Counterclaim Plaintiffs' products and/or methods infringe any valid claim of the '014 patent.

278. Each of the claims of the '014 patent is invalid for failure to meet one or more of the conditions specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or 132.

279. For example, each of the claims of the '014 patent is invalid as anticipated and/or rendered obvious by products used, sold, and/or offered for sale by Comark, LLC in the United States prior to the earliest claimed priority date of the '014 patent.

280. For example, each of the claims of the'014 patent is invalid as anticipated and/or rendered obvious by Gromatzky and/or Rockenfeller, alone or in combination.

281. Each of the claims of the '014 patent is invalid under 35 U.S.C. § 112 for failure to meet the written description and enablement requirements and for indefiniteness.

## TWENTY-SIXTH COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of the '014 Patent)

282. Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-281 of these Counterclaims and paragraphs 1-320 of its Answer.

283.   The '014 patent is directed to systems for cooling electronic image assemblies and to electronic display assemblies incorporating such systems.

284.   Absent Vertigo Group's assistance, MRI would not have conceived and/or reduced the alleged invention claimed in the '014 patent to practice.

285.   It would transgress the equitable standards of conduct for MRI to enforce a patent against products that originated at Vertigo, when the technology at issue in the patent could not have been developed but for the assistance of Vertigo Group.  Therefore, each of the claims of the '014 patent is unenforceable against these products due to unclean hands.

286.   A judicial declaration that the claims of the '014 patent are unenforceable is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain their rights and duties with respect to the products and/or services that MRI accuses of infringing the '014 patent.

## TWENTY-SEVENTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '129 Patent)

287.   Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-286 of these Counterclaims and paragraphs 1-320 of its Answer.

288.   Independent claim 1 of the '129 patent requires a software driver "adapted to receive a light ratio, wherein said light ratio is defined as the ratio of the amount of said ambient light contacting said viewing surface to the amount of said emitted light" and "increase the power of said power source when the light ratio exceeds a maximum preferred light ratio; and decrease the power of said power source when the light ratio falls below a minimum preferred light ratio."

289.   Independent claim 8 of the '129 patent requires "calculating a current light ratio."

80

290.    Independent claim 10 of the '129 patent requires "establishing a preferred operating temperature range" for an electronic display device.

291.    Independent claim 10 of the '129 patent requires "providing" "power control signals" "to decrease the power to the backlight when" the "actual operating temperature exceeds said preferred operating temperature range."

292.    On information and belief, one or more of the Accused Devices do not employ the software driver adapted to receive the light ratio required by the '129 patent.

293.    On information and belief, one or more of the Accused Devices do not employ the software driver adapted to increase and decrease the power of the power source when the light ratio exceeds the maximum preferred light ratio or falls below a minimum preferred light ratio required by the '129 patent.

294.    On information and belief, one or more of the Accused Devices do not calculate the current light ratio required by the '129 patent.

295.    On information and belief, one or more of the Accused Devices do not establish the preferred operating temperature range required by the '129 patent.

296.    On information and belief, one or more of the Accused Devices do not provide the power control signals to decrease power to the backlight when the actual operating temperature exceeds the preferred operating temperature range required by the '129 patent.

297.    Counterclaim Plaintiffs have not infringed and do not infringe, directly or indirectly, any valid and/or enforceable claim of the '129 patent, either literally, under the doctrine of equivalents, or otherwise.

298.    MRI infringement allegations as to the '129 patent are objectively baseless.

299.    A judicial declaration that Counterclaim Plaintiffs do not infringe the '129 patent is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain its rights and duties with respect to the products and/or services that MRI accuses of infringing the '129 patent.

## TWENTY-EIGHTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '129 Patent)

300.    Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-299 of these Counterclaims and paragraphs 1-320 of its Answer.

301.    There is a substantial and continuing justiciable controversy between Counterclaim Plaintiffs and MRI as to MRI's right to maintain suit for infringement of the '129 patent, and as to the validity and scope thereof, and as to whether any of Counterclaim Plaintiffs' products and/or methods infringe any valid claim of the '129 patent.

302.    Each of the claims of the '129 patent is invalid for failure to meet one or more of the conditions specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or 132.

303.    For example, each of the claims of the '129 patent is invalid as anticipated and/or rendered obvious by products used, sold, and/or offered for sale by Comark, LLC in the United States prior to the earliest claimed priority date of the '129 patent.

304.    For example, each of the claims of the '129 patent is invalid as anticipated and/or rendered obvious by Peker.

305.    Each of the claims of the '129 patent is invalid under 35 U.S.C. § 112 for failure to meet the written description and enablement requirements and for indefiniteness.

82

**TWENTY-NINTH COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '655 Patent)**

306.    Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-305 of these Counterclaims and paragraphs 1-320 of its Answer.

307.    Independent claim 1 of the '655 patent requires "a software driver" "adapted to" "increase the power of" a "power source when the amount of backlight illumination is too low for the amount of ambient light" and to "decrease the power of said power source when the amount of backlight illumination is too high for a given amount of ambient light."

308.    Independent claim 8 of the '655 patent requires "defining a preferred amount of backlight illumination for a given amount of ambient light."

309.    Independent claim 10 of the '655 patent requires "establishing a preferred operating temperature range for" an electronic display device and "providing" "electrical signals to the power source to decrease the power to the backlight when said actual operating temperature exceeds said preferred operating temperature range until the actual operating temperature returns to within the operating temperature range."

310.    On information and belief, one or more of the Accused Devices do not employ the software driver adapted to increase the power of the power source when the amount of backlight illumination is too low for the amount of ambient light required by the '655 patent.

311.    On information and belief, one or more of the Accused Devices do not employ the software driver adapted to decrease the power of the power source when the amount of backlight illumination is too high for a given amount of ambient light required by the '655 patent.

312.    On information and belief, one or more of the Accused Devices do not establish the preferred operating temperature range required by the '655 patent.

313.    On information and belief, one or more of the Accused Devices do not provide the electrical signals to the power source to decrease the power to the backlight when the actual operating temperature exceeds the preferred operating temperature as required by the '655 patent.

314.    On information and belief, one or more of the Accused Devices do not define the preferred amount of backlight illumination for a given amount of ambient light required by the '655 patent.

315.    Counterclaim Plaintiffs have not infringed and do not infringe, directly or indirectly, any valid and/or enforceable claim of the '655 patent, either literally, under the doctrine of equivalents, or otherwise.

316.    MRI infringement allegations as to the '655 patent are objectively baseless.

317.    A judicial declaration that Counterclaim Plaintiffs do not infringe the '655 patent is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain their rights and duties with respect to the products and/or services that MRI accuses of infringing the '655 patent.

### THIRTIETH COUNTERCLAIM
#### (Declaratory Judgment of Invalidity of the '655 Patent)

318.    Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-317 of these Counterclaims and paragraphs 1-320 of its Answer.

319.    There is a substantial and continuing justiciable controversy between Counterclaim Plaintiffs and MRI as to MRI's right to maintain suit for infringement of the '655 patent, and as to the validity and scope thereof, and as to whether any of Counterclaim Plaintiffs' products and/or methods infringe any valid claim of the '655 patent.

320. Each of the claims of the '655 patent is invalid for failure to meet one or more of the conditions specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or 132.

321. For example, each of the claims of the '655 patent is invalid as anticipated and/or rendered obvious by products used, sold, and/or offered for sale by Comark, LLC in the United States prior to the earliest claimed priority date of the '655 patent.

322. For example, each of the claims of the '655 patent is invalid as anticipated and/or rendered obvious by Keithley.

323. Each of the claims of the '655 patent is invalid under 35 U.S.C. § 112 for failure to meet the written description and enablement requirements and for indefiniteness.

**THIRTY-FIRST COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '163 Patent)**

324. Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-323 of these Counterclaims and paragraphs 1-320 of its Answer.

325. Independent claim 1 of the '163 patent requires "a software driver" "adapted to" "measure a light ratio, wherein said light ratio is defined as the ratio of the amount of light contacting the front surface of the housing to the amount of light within the backlight cavity."

326. Independent claim 8 of the '163 patent requires "defining a preferred light ratio with a maximum and minimum tolerance, wherein said light ratio is defined as the ratio of the amount of light contacting the viewing surface to the amount of light generated by the backlight assembly."

327. Independent claim 9 of the '163 patent requires "measuring the power sent from the power source to the backlight assembly."

328.    On information and belief, one or more of the Accused Devices do not employ the software driver adapted to measure the light ratio required by the '163 patent.

329.    On information and belief, one or more of the Accused Devices do not define the preferred light ratio required by the '163 patent.

330.    On information and belief, one or more of the Accused Devices do not measure the power sent from the power source to the backlight assembly as required by the '163 patent.

331.    Counterclaim Plaintiffs have not infringed and do not infringe, directly or indirectly, any valid and/or enforceable claim of the '163 patent, either literally, under the doctrine of equivalents, or otherwise.

332.    MRI infringement allegations as to the '163 patent are objectively baseless.

333.    A judicial declaration that Counterclaim Plaintiffs do not infringe the '163 patent is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain their rights and duties with respect to the products and/or services that MRI accuses of infringing the '163 patent.

### THIRTY-SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '163 Patent)

334.    Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-333 of these Counterclaims and paragraphs 1-320 of its Answer.

335.    There is a substantial and continuing justiciable controversy between Counterclaim Plaintiffs and MRI as to MRI's right to maintain suit for infringement of the '163 patent, and as to the validity and scope thereof, and as to whether any of Counterclaim Plaintiffs' products and/or methods infringe any valid claim of the '163 patent.

336.    Each of the claims of the '163 patent is invalid for failure to meet one or more of the conditions specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or 132.

337.    For example, each of the claims of the '163 patent is invalid as anticipated and/or rendered obvious by products used, sold, and/or offered for sale by Comark, LLC in the United States prior to the earliest claimed priority date of the '163 patent.

338.    For example, each of the claims of the'163 patent is invalid as anticipated and/or rendered obvious by Peker and/or Keithley, alone or in combination.

339.    Each of the claims of the '163 patent is invalid under 35 U.S.C. § 112 for failure to meet the written description and enablement requirements and for indefiniteness.

**THIRTY-THIRD COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '815 Patent)**

340.    Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-339 of these Counterclaims and paragraphs 1-320 of its Answer.

341.    Independent claim 1 of the '815 patent requires a "software driver" that is "adapted to . . . measure a light ratio, wherein said light ratio is defined as the ratio of the amount of light contacting the front surface of the housing to the amount of light within the backlight cavity."

342.    Independent claim 8 of the '815 patent requires a "defining a preferred light ratio, wherein said light ratio is defined as the ratio of the amount of light contacting the viewing surface to the amount of light generated by the backlight assembly."

343.    Independent claim 9 of the '815 patent requires "decreasing the power to the backlight assembly when the temperature in the backlight cavity exceeds the operating temperature range."

344.    On information and belief, one or more of the Accused Devices do not employ the software driver adapted to measure the light ratio required by the '815 patent.

345.    On information and belief, one or more of the Accused Devices do not define the preferred light ratio required by the '815 patent.

346.    On information and belief, one or more of the Accused Devices do not decrease the power to the backlight assembly when the temperature in the backlight cavity exceeds the operating temperature range as required by the '815 patent.

347.    Counterclaim Plaintiffs have not infringed and do not infringe, directly or indirectly, any valid and/or enforceable claim of the '815 patent, either literally, under the doctrine of equivalents, or otherwise.

348.    MRI infringement allegations as to the '815 patent are objectively baseless.

349.    A judicial declaration that Counterclaim Plaintiffs do not infringe the '815 patent is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain their rights and duties with respect to the products and/or services that MRI accuses of infringing the '815 patent.

## THIRTY-FOURTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '815 Patent)

350.    Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-349 of these Counterclaims and paragraphs 1-320 of its Answer.

351.    There is a substantial and continuing justiciable controversy between Counterclaim Plaintiffs and MRI as to MRI's right to maintain suit for infringement of the '815 patent, and as to the validity and scope thereof, and as to whether any of Counterclaim Plaintiffs' products and/or methods infringe any valid claim of the '815 patent.

352. Each of the claims of the '815 patent is invalid for failure to meet one or more of the conditions specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or 132.

353. For example, each of the claims of the '815 patent is invalid as anticipated and/or rendered obvious by products used, sold, and/or offered for sale by Comark, LLC in the United States prior to the earliest claimed priority date of the '815 patent.

354. For example, each of the claims of the '815 patent is invalid as anticipated and/or rendered obvious by Peker and/or Keithley, alone or in combination.

355. Each of the claims of the '815 patent is invalid under 35 U.S.C. § 112 for failure to meet the written description and enablement requirements and for indefiniteness.

## THIRTY-FIFTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '917 Patent)

356. Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-355 of these Counterclaims and paragraphs 1-320 of its Answer.

357. Counterclaim Plaintiffs have not infringed and do not infringe, directly or indirectly, any valid and/or enforceable claim of the '917 patent, either literally, under the doctrine of equivalents, or otherwise.

358. MRI infringement allegations as to the '917 patent are objectively baseless.

359. A judicial declaration that Counterclaim Plaintiffs do not infringe the '917 patent is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain their rights and duties with respect to the products and/or services that MRI accuses of infringing the '917 patent.

## THIRTY-SIXTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '917 Patent)

360.    Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-359 of these Counterclaims and paragraphs 1-320 of its Answer.

361.    There is a substantial and continuing justiciable controversy between Counterclaim Plaintiffs and MRI as to MRI's right to maintain suit for infringement of the '917 patent, and as to the validity and scope thereof, and as to whether any of Counterclaim Plaintiffs' products and/or methods infringe any valid claim of the '917 patent.

362.    Each of the claims of the '917 patent is invalid for failure to meet one or more of the conditions specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or 132.

363.    For example, each of the claims of the '917 patent is invalid as anticipated and/or rendered obvious by products used, sold, and/or offered for sale by Comark, LLC in the United States prior to the earliest claimed priority date of the '917 patent.

364.    For example, each of the claims of the'917 patent is invalid as anticipated and/or rendered obvious by Gromatzky.

365.    Each of the claims of the '917 patent is invalid under 35 U.S.C. § 112 for failure to meet the written description and enablement requirements and for indefiniteness.

## THIRTY-SEVENTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '972 Patent)

366.    Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-365 of these Counterclaims and paragraphs 1-320 of its Answer.

367.    Independent claim 18 of the '972 patent requires "a first thermal plate having two portions in thermal communication with one another, the first portion being in thermal

communication with the LEDs along the first edge and the second portion being in thermal communication with the housing" and "a second thermal plate having two portions in thermal communication with one another, the first portion being in thermal communication with the LEDs along the second edge and the second portion being in thermal communication with the housing."

368.    On information and belief, one or more of the Accused Devices do not employ the first and second thermal plate in the claimed configuration required by the '972 patent.

369.    Counterclaim Plaintiffs have not infringed and do not infringe, directly or indirectly, any valid and/or enforceable claim of the '972 patent, either literally, under the doctrine of equivalents, or otherwise.

370.    MRI infringement allegations as to the '972 patent are objectively baseless.

371.    A judicial declaration that Counterclaim Plaintiffs do not infringe the '972 patent is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain their rights and duties with respect to the products and/or services that MRI accuses of infringing the '972 patent.

## THIRTY-EIGHTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '972 Patent)

372.    Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-371 of these Counterclaims and paragraphs 1-320 of its Answer.

373.    There is a substantial and continuing justiciable controversy between Counterclaim Plaintiffs and MRI as to MRI's right to maintain suit for infringement of the '972 patent, and as to the validity and scope thereof, and as to whether any of Counterclaim Plaintiffs' products and/or methods infringe any valid claim of the '972 patent.

374. Each of the claims of the '972 patent is invalid for failure to meet one or more of the conditions specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or 132.

375. For example, each of the claims of the '972 patent is invalid as anticipated and/or rendered obvious by products used, sold, and/or offered for sale by Comark, LLC in the United States prior to the earliest claimed priority date of the '972 patent.

376. For example, each of the claims of the'972 patent is invalid as anticipated and/or rendered obvious Gromatzky.

377. Each of the claims of the '972 patent is invalid under 35 U.S.C. § 112 for failure to meet the written description and enablement requirements and for indefiniteness.

**THIRTY-NINTH COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '452 Patent)**

378. Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-377 of these Counterclaims and paragraphs 1-320 of its Answer.

379. Independent claim 1 of the '452 patent requires "a mounting element hingedly fastened to the housing" and "a plurality of lights between" an "image assembly and said mounting element and attached to said mounting element."

380. On information and belief, one or more of the Accused Devices do not employ the plurality of lights attached to the mounting element hingedly fastened to the housing required by the '972 patent.

381. Counterclaim Plaintiffs have not infringed and do not infringe, directly or indirectly, any valid and/or enforceable claim of the '452 patent, either literally, under the doctrine of equivalents, or otherwise.

382. MRI infringement allegations as to the '452 patent are objectively baseless.

92

383.    A judicial declaration that Counterclaim Plaintiffs do not infringe the '452 patent is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain their rights and duties with respect to the products and/or services that MRI accuses of infringing the '452 patent.

**FORTIETH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the '452 Patent)**

384.    Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-383 of these Counterclaims and paragraphs 1-320 of its Answer.

385.    There is a substantial and continuing justiciable controversy between Counterclaim Plaintiffs and MRI as to MRI's right to maintain suit for infringement of the '452 patent, and as to the validity and scope thereof, and as to whether any of Counterclaim Plaintiffs' products and/or methods infringe any valid claim of the '452 patent.

386.    Each of the claims of the '452 patent is invalid for failure to meet one or more of the conditions specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or 132.

387.    For example, each of the claims of the '452 patent is invalid as anticipated and/or rendered obvious by products used, sold, and/or offered for sale by Comark, LLC in the United States prior to the earliest claimed priority date of the '452 patent.

388.    For example, each of the claims of the'452 patent is invalid as anticipated and/or rendered obvious by Idems and/or Olesen, alone or in combination.

389.    Each of the claims of the '452 patent is invalid under 35 U.S.C. § 112 for failure to meet the written description and enablement requirements and for indefiniteness.

93

**FORTY-FIRST COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '569 Patent)**

390.    Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-389 of these Counterclaims and paragraphs 1-320 of its Answer.

391.    Independent claim 1 of the '569 patent requires "a microprocessor which receives the ambient light sensor signal and uses the signal to control the speed of the fan."

392.    On information and belief, one or more of the Accused Devices do not employ the microprocessor that receives the ambient light sensor signal and uses the signal to control the speed of the fan as required by the '569 patent.

393.    Counterclaim Plaintiffs have not infringed and do not infringe, directly or indirectly, any valid and/or enforceable claim of the '569 patent, either literally, under the doctrine of equivalents, or otherwise.

394.    MRI infringement allegations as to the '569 patent are objectively baseless.

395.    A judicial declaration that Counterclaim Plaintiffs do not infringe the '569 patent is necessary and appropriate at this time so that Counterclaim Plaintiffs can ascertain their rights and duties with respect to the products and/or services that MRI accuses of infringing the '569 patent.

**FORTY-SECOND COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the '569 Patent)**

396.    Counterclaim Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-395 of these Counterclaims and paragraphs 1-320 of its Answer.

397.    There is a substantial and continuing justiciable controversy between Counterclaim Plaintiffs and MRI as to MRI's right to maintain suit for infringement of the '569

94

patent, and as to the validity and scope thereof, and as to whether any of Counterclaim Plaintiffs' products and/or methods infringe any valid claim of the '569 patent.

398.     Each of the claims of the '569 patent is invalid for failure to meet one or more of the conditions specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or 132.

399.     For example, each of the claims of the '569 patent is invalid as anticipated and/or rendered obvious by products used, sold, and/or offered for sale by Comark, LLC in the United States prior to the earliest claimed priority date of the '569 patent.

400.     For example, each of the claims of the'569 patent is invalid as anticipated and/or rendered obvious by Dunn and/or Williams, alone or in combination.

401.     Each of the claims of the '569 patent is invalid under 35 U.S.C. § 112 for failure to meet the written description and enablement requirements and for indefiniteness.

**WHEREFORE**, Civiq respectfully requests that the Court enter judgment in its favor for Defendants and that this Court:

A.  Dismiss Plaintiff's Complaint with prejudice;

B.  Grant Defendants and Counterclaim Plaintiffs the relief they request in this Answer and Counterclaims;

C.  Declare that Defendants are the prevailing party and that this is an exceptional case, and award Defendants their costs, expenses, disbursements, and reasonable attorney fees for defending against MRI's Complaint under 35 U.S.C. § 285 and any other applicable rule or statute; and

D.  Award Defendants such further and additional relief as this Court deems just and

proper.

|  | */s/ Nathan R. Hoeschen* |
|---|---|
| OF COUNSEL: | John W. Shaw (No. 3362) |
| Douglas J. Kline | Karen E. Keller (No. 4489) |
| Srikanth K. Reddy | Nathan R. Hoeschen (No. 6232) |
| Molly R. Grammel | SHAW KELLER LLP |
| GOODWIN PROCTER LLP | I.M. Pei Building |
| 100 Northern Avenue | 1105 North Market Street, 12th Floor |
| Boston, MA 02210 | Wilmington, DE 19801 |
| (617) 570-1209 | (302) 298-0700 |
|  | jshaw@shawkeller.com |
| Yuval H. Marcus | kkeller@shawkeller.com |
| Cameron S. Reuber | nhoeschen@shawkeller.com |
| Matthew L. Kaufman | *Attorneys for* |
| Lori L. Cooper | *Defendants/Counterclaim Plaintiffs* |
| LEASON ELLIS LLP | |
| One Barker Avenue, Fifth Floor | |
| White Plains, NY 10601 | |
| (914) 288-0022 | |

Dated: August 7, 2017

96