IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MANUFACTURING RESOURCES
INTERNATIONAL, INC.,

    Plaintiff,

v.

CIVIQ SMARTSCAPES, LLC, et al.,

    Defendants.

Civil Action No. 17-269-RGA

MEMORANDUM ORDER

In my previous Opinion (D.I. 150) and Order (D.I. 152), I construed various terms from U.S. Patent Nos. 8,854,572 ("the '572 patent"), 8,854,595 ("the '595 patent"), 9,629,287 ("the '287 patent"), 9,173,325 ("the '325 patent"), 9,173,322 ("the '322 patent"), 8,773,633 ("the '633 patent"), 9,285,108 ("the '108 patent") and 9,313,917 ("the '917 patent"). Before the Markman Hearing, I provided the parties with my proposed constructions for several terms. (D.I. 146). At the hearing, I reserved judgment on one such term in the asserted claims of the '572 patent and the '287 patent, "rear surface of the electronic display," pending additional briefing by the parties. (D.I. 147 at 87:8-14; D.I. 151; D.I. 154; D.I. 159; D.I. 176). After consideration of that briefing, I now construe the term "rear surface of the electronic display."

1. **"rear surface of the electronic display"**

    a. *Plaintiff's proposed construction*: no construction needed

    b. *Defendants' proposed construction*: "rear surface of the backlight"

    c. *Defendants' alternative proposed construction*: "rear surface of an LCD stack or backlight (in an LCD or LED) or posterior surface of an OLED, FED, CRT, plasma or other display when there is no backlight"

d.  *Court's construction*: no construction needed

This term appears in asserted claims of the '572 and '287 patents. Defendants argue that the claim term "does not have a specific meaning to a person of skill in the art" and therefore such a person "would not readily understand which component of the LCD defines its 'rear surface.'" (D.I. 151 at 1-2). Plaintiff asserts that Defendants' "alternate definition departs from the ordinary meaning of the terms at-issue" and that "the intrinsic evidence uses these terms according to their accepted ordinary meanings." (D.I. 154 at 2).

I agree with Plaintiff. "The words of a claim are generally given their ordinary and customary meaning as understood by a person of ordinary skill in the art when read in the context of the specification and prosecution history." *Thorner v. Sony Comput. Entertainment Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012) (citing *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc)). Moreover, "[d]ifferences among claims can [] be a useful guide in understanding the meaning of particular claim terms." *Phillips*, 415 F.3d at 1314. "[T]he presence of a dependent claim that adds a particular limitation gives rise to a presumption that the limitation in question is not present in the independent claim." *Id.* at 1315.

Here, the claims themselves indicate that the patentee used the term "rear surface of an electronic display" broadly. As Plaintiff notes, other claims within the patents are more specific and narrow. (D.I. 154 at 4). These claims include both independent claims ('287 patent, cl. 12; '572 patent, cl. 16) and dependent claims ('287 patent, cl. 3, 10). This indicates that I should not import these limitations into the claim term. Additionally, I do not believe that the specification uses the term "electronic display" in an inconsistent way. In the context of the patent specification, a person of ordinary skill in the art would understand that "rear surface of the

electronic display" is a broad term, encompassing more than what is claimed in specific limitations of the dependent claims. Defendants' alternate proposed claim construction continues to read in impermissible limitations from embodiments and dependent claims. Therefore, I find that no construction is necessary. Defendants may not argue that the term is limited as set forth in their proposed constructions.

For the foregoing reasons, IT IS HEREBY ORDERED that as used in the asserted claims of U.S. Patent No. 8,854,572 ("the '572 patent") and U.S. Patent No. 9, 629,287 ("the '287 patent"), no construction is necessary for the term "rear surface of the electronic display."

Entered this 5 day of March, 2019.

*Richard G. Andrews*
United States District Judge