IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MANUFACTURING RESOURCES
INTERNATIONAL, INC.,

    Plaintiff;

v.

CIVIQ SMARTSCAPES, LLC, et al.,

    Defendants.

Civil Action No. 17-269-RGA

MEMORANDUM OPINION

Arthur G. Connolly III, Ryan P. Newell, and Kyle Evans Gay, CONNOLLY GALLAGHER LLP, Wilmington, DE; Jeffrey S. Standley, James Lee Kwak, and F. Michael Speed, Jr., STANDLEY LAW GROUP LLP, Dublin, OH, attorneys for Plaintiff.

John W. Shaw, Karen E. Keller, David M. Fry, and Nathan R. Hoeschen, SHAW KELLER LLP, Wilmington, DE; Douglas J. Kline, Srikanth K. Reddy, and Molly R. Grammel, GOODWIN PROCTER LLP, Boston, MA; Naomi L. Birbach, GOODWIN PROCTER LLP, New York, NY; Yuval H. Marcus, Cameron S. Reuber, Matthew L. Kaufman, and Lori L. Cooper, LEASON ELLIS LLP, White Plains, NY, attorneys for Defendants.

September _30_ , 2019



**ANDREWS, U.S. DISTRICT JUDGE:**

In my Memorandum Opinion and Order issued September 4, 2019, I struck Plaintiff MRI's damages expert, Melissa Bennis, opinions relating to lost profits and reasonable royalty. (D.I. 290, D.I. 291). MRI moves to permit Ms. Bennis to supplement her expert opinions on those subjects.

Specifically, MRI requests that Ms. Bennis be permitted: (1) to supplement her opinion relating to the calculation of lost profits without using information obtained during settlement discussions, (2) to supplement her report to address the Court's other concerns relating to lost profits, including the Court's concern about the price MRI would have charged in the "but for world," and (3) to address the Court's concerns about apportionment in her reasonable royalty analysis. (D.I. 302 at 1).

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information … to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." To determine whether a failure to disclose information was harmless, courts in the Third Circuit consider the *Pennypack* factors: (1) the prejudice or surprise to the party against whom the evidence is offered, (2) the possibility of curing the prejudice, (3) the potential disruption of an orderly and efficient trial, (4) the presence of bad faith or willfulness in failing to disclose the evidence, and (5) the importance of the information withheld. *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997). "[T]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of

1

willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Id.* The determination of whether to exclude evidence is within the discretion of the district court. *Id.*

## II. DISCUSSION

The first and second *Pennypack* factors weigh against exclusion of Ms. Bennis' amended supplemental damages report. Defendants will not be unduly prejudiced or surprised by the report. Defendants argue that permitting MRI to add new damages theories through its supplemental expert disclosure would unduly prejudice Defendants due to the short period of time that originally stood between the disclosure date and the start of trial. (D.I. 307 at 6). Defendants received Ms. Bennis' initial supplemental report on September 6, 2019. (D.I. 314). Defendants received Ms. Bennis' amended supplemental report on September 7, 2019. (D.I. 317). The trial has been postponed for unrelated reasons. Thus, any prejudice that Defendants may have initially faced can be cured. There is sufficient time for Defendants to provide any relevant supplemental reports and/or conduct additional depositions. *See In re Mercedes-Benz Antitrust Litig.*, 225 F.R.D. 498, 506-07 (D.N.J. 2005).

Defendants also are not prejudiced by Ms. Bennis' supplemental damages report because the information she provides in the report was previously disclosed. In her original damages report, Ms. Bennis relied upon calculations made by Plaintiff's CEO, Mr. Stoeffler. (D.I. 290 at 8). Mr. Stoeffler's calculations impermissibly used information received from Defendants through settlement negotiations. (D.I. 209 Ex. 25-26). Upon my request, Plaintiff filed a letter explaining how the appropriate numbers could be reached from sources that were not products of the settlement negotiations. (Hr'g Tr. At 68:17-22, D.I. 278). Rather than disclosing new damages theories, Ms. Bennis' supplemental damages report provides a lost profits analysis without reliance on confidential settlement discussions or information improperly obtained

2

therefrom. (D.I. 278). Thus, the first and second *Pennypack* factors weigh against exclusion of the report.

The third *Pennypack* factor weighs against exclusion of the report. Given the postponement of the trial date to mid-November or thereafter, I am not concerned that the submission of a supplemental report at this stage will disrupt the schedule.

The fourth *Pennypack* factor also weighs against exclusion. The timing of service of the supplemental damages report is not a result of "bad faith" or "willful deception." *See Myers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977). Defendants argue, "MRI has been aware of the defects in its lost profits and reasonable royalty analyses" for at least four months prior to the submission of the supplemental report. (D.I. 307 at 4). Defendants argue that since MRI waited until after I struck Ms. Bennis' initial expert opinions to submit a supplemental report, the submission suggests bad faith and the opinions should be excluded. *Id.* In fact, Plaintiff submitted the report in response to my having struck the initial damages report and my suggestion that a supplemental report be submitted. (D.I. 291, D.I. 290 at 9, D.I. 327 at 1).

Two days after my Memorandum Opinion (D.I. 290) issued on September 4, 2019, Ms. Bennis submitted her first supplemental report. (D.I. 314). One day later, Ms. Bennis submitted an amended supplemental report. (D.I. 317). The amendments made in this subsequent report are minor and intended to confirm that Ms. Bennis' report is based on information made available directly through the discovery process, as opposed to confidential information related to settlement negotiations. (*Id.*; *compare* D.I. 314 at 1 (first supplemental damages report) *with* D.I. 317 at 1 (amended supplemental damages report)). Given the factual circumstances, I do not find

that Plaintiff's submission of the supplemental damages report was in bad faith. Thus, the fourth *Pennypack* factor weighs against exclusion.

Finally, the fifth *Pennypack* factor weighs against exclusion. The opinions offered in Ms. Bennis' supplemental damages are important evidence in support of Plaintiff's infringement case. The opinions offered are directly responsive to assertions of Defendants' experts in their rebuttal reports. Therefore, the report should be included.

Each of the *Pennypack* factors weigh against exclusion. Thus, I do not find that the inclusion of the amended supplemental damages report would be unduly prejudicial to Defendants. Perceived prejudice can be cured by providing supplemental responsive expert reports, and/or by conducting additional depositions.